UNION MUTUAL LIFE INSURANCE COMPANY OF MAINE, PLAINTIFF IN ERROR, v. ANDREW LOVITT, DEFENDANT IN ERROR.

1. **Mortgage of Real Estate:** RIGHTS OF MORTGAGOR AND MORTGAGEE. In this state, in the absence of an agreement to the contrary, the mortgagor of real property retains the right to the possession thereof.

.2. ———— : ————. And the mortgagee, having neither the possession nor the right of possession of such property, has no interest therein which he can convey by lease.

ERROR to the district court for Johnson county, to which the cause had been brought on appeal from the county court. Plaintiff asked judgment for a sum claimed to be due from defendant as rent of certain premises. The defendant answered, setting up : 1. A general denial. 2. That defendant leased said farm of the owner for the season of 1875, and he continued to hold possession of said farm, under the same contract, during the year 1876. 3. That plaintiff fraudulently and falsely represented to defendant that it was the owner of and had full power to rent said farm, and thereby induced defendant to make the pretended contract sued on. 4. That during the year 1876 plaintiff had no title or right of possession of said farm, and was not in actual or constructive possession of, and had no right to rent the same. 5. That defendant never went into possession of said farm under a contract with plaintiff. The reply was a general denial of the allegations of the answer.

At the April term, 1879, trial was had before WEAVER, J., and a jury. Verdict and judgment for defendant.

*S. P. Davidson,* for plaintiff in error, cited *Mattis v. Robinson,* 1 Neb., 1.

*Appleget & Son*, for defendant in error, cited *Kyger v. Ryley*, 2 Neb., 28.  1 Pars. Cont., 427.  *Hamilton v. Mason*, 6 Binn., 45.  *Baskin v. Seechrist*, 6 Penn. State, 154.

LAKE, J.

There is no testimony tending to show that, at the time of the alleged leasing to the defendant, the plaintiff had any interest in the premises but that of mortgagee after condition broken.

The defendant was already in possession of the farm, and had been for something like a year as a tenant under Mrs. Hoskins, the mortgagor, and of course was liable to her for its use.

Section 55, chapter 61, Gen. Statutes, 881, provides that: "In the absence of stipulations to the contrary the mortgagor of real estate retains the legal title and the right of possession thereof." And this right continues in him until he is deprived of it by an order or judgment of the court in a foreclosure proceeding, unless voluntarily surrendered. *Prima facie*, therefore, the insurance company had no interest upon which the pretended lease could operate. The burden of showing such interest rested on the plaintiff. And this showing was attempted on the theory of a surrender of the premises by the mortgagor, whereby the present control and use thereof were transferred to the mortgagee.

All we have, however, to support this claim of surrender is—*first*, the fact of Mrs. Hoskins' removal from the land into another county; and, *second*, that at the request of the attorney of the plaintiff, when he commenced the foreclosure suit, she signed a waiver on the back of the summons in these words: "I hereby

Union Mutual Life Ins. Co. v. Lovitt.

acknowledge service of the within summons, and waive time, and agree to appear and answer by the time mentioned within, or, not appearing, consent that decree may be rendered at the coming October term. Dated this fourth day of October, 1875.

(Signed) "CYMANTHIA HOSKINS."

But it cannot be held that her removal from the land was an abandonment, for she left the defendant in possession; neither can any weight be given to the waiver on the summons, for that had no reference whatever to the possession or use of the land during the pendency of the foreclosure suit. Such being the relation of the respective parties to this land, whatever nominally may have transpired between the agent of the plaintiff and the defendant respecting it, about which there is a conflict of evidence, no valid lease was made, for the simple reason that at the time the plaintiff had no interest therein that could be conveyed by such a contract.

Such being our views of the merits of the plaintiff's demand, it is unnecessary to spend time over the minor questions raised during the trial, as in no event could a different result be obtained. It may not be improper to add, however, that in view of the testimony before the jury we see nothing in the instructions of which there is reason to complain.

JUDGMENT AFFIRMED.