ANTON CABON, PLAINTIFF IN ERROR, V. CHARLES
GRUENIG, DEFENDANT IN ERROR.

**Transcript of Judgment.** Any person having a judgment rendered by a county court, without reference to the amount of such judgment or whether rendered by the county court during a regular term or by the county judge when exercising the ordinary powers and jurisdiction of a justice of the peace, may file a transcript thereof in the office of the clerk of the district court in any county in this state and cause an execution to issue thereon.

ERROR to the district court for Pierce county. Tried below before CRAWFORD, J., sitting for TIFFANY, J.

*H. C. Brome,* for plaintiff in error.

*L. F. Hale* and *E. P. Weatherby,* for defendant in error.

REESE, J.

The only question presented for decision by this case is, whether or not the transcript of a judgment rendered by a county judge when exercising "the ordinary powers and jurisdiction of a justice of the peace," when filed in the office of the clerk of the district court of a county in this state other than the one in which the judgment is rendered, becomes a lien on the real estate of the judgment debtor in such county and whether an execution can be issued thereon.

Section 18 of chapter 20 of the Compiled Statutes is as follows:

"Any person having a judgment rendered by a probate (county) court may cause a transcript thereof to be filed in the office of the clerk of the district court in any county of this state, and when said transcript is so filed and entered upon the judgment record, such judgment shall be a lien on real estate in the county where the same is filed, and when

the same is so filed and entered upon such judgment book, the clerk of such court may issue execution thereupon in like manner as execution is issued upon judgments rendered in the district court"

It is insisted by plaintiff in error that this section only refers to such judgments as are rendered by the county court in its jurisdiction which is concurrent with the jurisdiction of the district court, and that it has no reference to judgments rendered by the county judge when in the exercise of the powers of a justice of the peace. While it is true there is a distinction between these two jurisdictions as to rules of practice, etc., yet it seems that this distinction has no reference to the judgments of such court after they are rendered, so far as may apply to the section under consideration. In some instances the legislature seems to have recognized this distinction, in others not. By section one of the act there is established in each organized county a probate (county) court which shall be held by the probate (county) judge and shall be a court of record, etc. Its proceedings out of term time shall be as valid and effectual as if had or made at a regular term. By section two it is provided that *county judges* shall have and exercise the ordinary powers and jurisdiction of a justice of the peace, and by the same section county judges have concurrent jurisdiction with the district court in the sum of $1,000. The provisions of sections eight, nine, ten, eleven, sixteen, seventeen, nineteen, twenty, twenty-one, twenty-two, and twenty-six, seem to recognize all actions pending, or proceedings had, as being in the county court, but that the proceedings shall differ according to the amount involved in the action or proceeding.

We do not conceive that the views here expressed are in any degree in conflict with the decision in *Wilde v. Boldt*, 16 Neb., 539. While it is true, as there stated, that there is a distinction between the jurisdictions of the county judge and that of the county court proper, yet the judg-

ments when rendered are all the judgments of the county court and are all enforced in the same way by the judge issuing execution as is provided by section 17 of the act.

The decision of the district court being in harmony with this opinion is affirmed.

JUDGMENT ACCORDINGLY.

. THE other judges concur.