JOSEPH LAMB, PLAINTIFF IN ERROR, V. BETSY SHERMAN, DEFENDANT IN ERROR.

1. **Judgment:** LIEN. A judgment was rendered in the county court of J. county, and a transcript thereof filed in the district court of said county, and a duly certified transcript from the district court of J. county was filed in the district court of T. county Feb. 19, 1876. In January, 1878, the debtor and his wife conveyed their real estate in T. county to one S., the deed being acknowledged and recorded May 6th, 1878. *Held,* That the real estate was subject to the lien of the judgment.

2. **Judicial Sale:** CONFIRMATION: DEED. A purchaser at execution sale of real estate, upon the payment of the purchase money and confirmation of the sale, becomes the equitable owner of the property, and in a proper case may compel the issuing of a sheriff's deed to himself.

3. ———: DEED. Imperfect recitals in a sheriff's deed of the facts required by section 500 of the code do not render the deed void.

4. ———: ———. The power of the court to compel the issuing of a proper deed to a purchaser at execution sale is a continuing one, and is not exhausted by the issue of a defective deed.

5. ———: ———: A sheriff's deed for lands sold upon execution relates back to the time such lands become liable to the satisfaction of the judgment.

ERROR to the district court for Thayer county. Tried below before MORRIS, J.

*O. H.* and *A. R. Scott,* for plaintiff in error.

*Griggs & Rinaker* and *Colby, Hazlett & Bates,* for defendant in error.

MAXWELL, CH. J.

This is an action of ejectment brought by the defendant in error against the plaintiff in the district court of Thayer county to recover the possesion of the east half of the south-

west quarter of section twenty-one, in township one north, of range one west. On the trial of the cause the jury returned a verdict in favor of the defendant in error, on which judgment was rendered. The plaintiff below, to prove her title to the premises, introduced in evidence a certificate of the register of the land office at Beatrice to Daniel Sherman, dated May 8, 1874, for the land in question; also a patent from the United States to Daniel Sherman for said land, dated August 1st, 1874; also a deed from Daniel Sherman and Betsy Sherman, husband and wife, to Edwin D. Sherman, dated Jan. 2d, 1878, but acknowledged and recorded May 6th, 1878; also a deed from Edwin D. Sherman to Betsy Sherman, the defendant in error, dated October 9th, 1879. The plaintiff in error then offered in evidence a sheriff's deed for said premises, as follows:

· "Know all men by these presents: That, whereas, at the December term, A.D. 1875, of the probate court within and for Jefferson county, in the state of Nebraska, J. V. Switzer recovered a judgment against Daniel Sherman for the sum of sixty and fifty-one-hundredths dollars and costs of suit, taxed at two and ten-one-hundredths dollars. And whereupon, by virtue of an execution issued by M. M. House, the clerk of the district court within and for Thayer county, Nebraska, and under the seal thereof, bearing date the 25th day of April, A.D. 1878, and directed to the sheriff of Thayer county, Nebraska, commanding him to cause to be levied of the goods and chattels, and for want thereof on the lands and tenements of the said Daniel Sherman, defendant, sufficient to satisfy the said J. V. Switzer, plaintiff, his judgments and costs as aforesaid, together with interest on said judgment from the 5th day of December, A.D. 1875, and all accruing costs; the sheriff as aforesaid did on the 29th day of April, A.D. 1878, for want of goods and chattels, levy on and seize the following lands and tenements of the said Daniel Sherman, defendant, to-wit:

"The east half ($\frac{1}{2}$) of south-west quarter ($\frac{1}{4}$) of section 21, in township one (1) north, of range one (1) west, in Thayer county.

"And, whereas, the said sheriff as aforesaid, under and by virtue of said execution, did on the 4th day of June, A.D. 1878, at the east front door of the court-house, in said county of Thayer, that being the place where the last term of the said district court was held, having first summoned two disinterested freeholders, residents of said Thayer county, and having administered to them an oath impartially to appraise said lands and tenements upon actual view thereof, and said sheriff, together with said freeholders, having made an appraisement in writing of said lands and tenements, and having first given due and legal notice of the time and place of said sale, for not less than thirty days prior thereto in the Thayer County *Sentinel*, a newspaper printed and in general circulation in said county of Thayer, sell the said lands and tenements at public auction to Joseph Lamb for the sum of four hundred and thirty dollars, he being the highest bidder therefor, and the said last mentioned sum being not less than two-thirds of the appraised value thereof. Which sale afterwards, at the May term of said district court, A.D. 1879, was examined and confirmed by said court; and the said W. D. Galbraith, sheriff of said Thayer county, ordered by said court to make a deed of said lands and tenements to the said Joseph Lamb.

"Now therefore, I, the said W. D. Galbraith, sheriff of the said county of Thayer, as aforesaid, in consideration of the premises, and in virtue of powers vested in me by law, do hereby give, grant, and convey to the said Joseph Lamb, his heirs and assigns, all the estate, right, title, and interest in and to the lands and tenements sold as aforesaid, of which the said Daniel Sherman, defendant, was seized and possessed on the 20th day of April, 1878, or any time thereafter, to the east half ($\frac{1}{2}$) of the south-west

quarter ($\frac{1}{4}$) of section . twenty-one (21), township one (1) north, of range one (1) west, with all appurtenances thereto belonging, to have and to hold the same to the said Joseph Lamb, his heirs and assigns, and to them and their use and behoof forever.

"In testimony whereof I have hereunto set my hand this 23d day of May, A.D. 1879.

"W. D. GALBRAITH,

"Executed in presence of          "Sheriff.
    "BYRON M. YOUNG,
    "M. M. HOUSE."

"STATE OF NEBRASKA, } ss.
    Thayer County.

"On this 23d day of May, A.D. 1879, before me, M. M. House, clerk of the district court held within and for said county, personally appeared W. D. Galbraith, sheriff of said county, to me well known to be the identical person described in, and who executed the foregoing instrument of conveyance, and who acknowledged said instrument to be his voluntary act and deed as said sheriff, for the use and purpose therein mentioned. In testimony whereof, I have hereunto set my hand and affixed the seal of said court this 23d day of May, A.D. 1879.

"M. M. HOUSE,

" Clerk of the District Court, Thayer County, Nebraska."

{   SEAL OF THE   }
{   DISTRICT COURT   }
{   NEBRASKA,   }
{   THAYER COUNTY.   }

ENDORSED

"Sheriff's Deed.   W. D. Galbraith, sheriff, to Joseph Lamb.  Dated May 23d, 1879.

"STATE OF NEBRASKA, } ss.
    Thayer County.

"Filed for record this 23d day of May, A.D. 1879, at 1 o'clock P.M., and recorded in the office of the clerk of

said county in book ' G ' of deeds on page 469.   Entered
on Numerical Index.

"M. M. HOUSE,

"H. E. GARZEE,                              " *Clerk.*
        "*Deputy.*"

This deed was objected to for the reason that it was im-
material, irrelevant, and incompetent.   The objections
were sustained and the deed excluded.   The plaintiff in
error thereupon offered in evidence the transcript of a
judgment rendered in the county court of Jefferson county
in an action wherein J. V. Switzer was plaintiff and
Daniel Sherman defendant, dated December 3d, 1875, the
judgment being for $60 and costs; also a certificate of the
clerk of the district court of Jefferson county, showing
said transcript to have been filed in said court on the 18th
of February, 1876; also the following referring to the
transcript: " Filed in the office of the clerk of the district
court in and for Thayer county, Nebraska, on the 19th
day of February, A.D. 1876.   M. M. House, Clerk."

Objection was made to this transcript as being immate-
rial, irrelevant, and incompetent.   The objections were
sustained and the transcript excluded.   The plaintiff in
error thereupon offered in evidence an execution issued on
the transcript above referred to by the clerk of the district
court of Thayer county, dated April 25th, 1878, under
which the premises in question were sold, and the sheriff's
return to the same, whereby it appears that the premises
were sold to the plaintiff in error for the sum of $430;
also the confirmation of the sale, order to make a deed to
the purchaser, and distribution of the proceeds of the sale.
These were objected to as being immaterial, irrelevant,
and incompetent.   The objections were sustained and the
evidence excluded.   The plaintiff in error then offered
to prove that the debt under which the sale took place was
contracted in December, 1874, and after the patent was
issued to Sherman.   This was objected to, and the objec-

tion sustained. The plaintiff in error offered to prove that Daniel Sherman did not reside on the land in question from September to December, 1874, 1875, and to the year 1876. This was objected to and excluded. There was a large amount of other testimony offered and excluded, to which we need not refer. The court then directed the jury to return a verdict in favor of the defendant in error, which was done, and judgment rendered thereon.

It will be seen that the judgment under which the plaintiff in error claims title became a lien on the land in question on the 19th of February, 1876; that an execution was duly issued thereon, under which a sale of the land in question took place. The sale confirmed a deed ordered and the surplus distributed among the creditors of Sherman, yet all of these proceedings were held by the court below not to affect the title of the defendant in error, although the deed of Daniel Sherman and wife to Edwin D. Sherman, under which she claims title was acknowledged and recorded and presumably delivered May 6th, 1878; but even if it related back to the time it was dated, viz., January 2d, 1878, still the land would be subject to the lien of the judgment.

Sec. 561 of the code provides that "in all cases in which judgment shall be rendered by a justice of the peace the party in whose favor the judgment shall be rendered may file a transcript of such judgment in the office of the clerk of the district court in the county in which the judgment was rendered, and thereupon the clerk shall, on the day on which the same shall be filed, enter the case on the execution docket, together with the amount of the judgment, and the time of filing the transcript."

Sec. 562 provides for a lien on the real estate of the debtor. Section 563 provides that the clerk of the district court may issue execution, etc., on the judgment. Section 429a provides that the transcript of a judgment of any district court in this state may be filed in the office of the

clerk of the district court in any county, and be a lien on the real estate of the debtor in like manner as in the county where the judgment was rendered, and that execution may be issued thereon, etc.

Section 18 of chapter 20, Comp. St., provides that "any person having a judgment rendered by a probate court may cause a transcript to be filed in the office of the clerk of the district court in any county of this state, and when such transcript is so filed and entered upon the judgment record, such judgment shall be a lien on real estate in the county where the same is filed," etc. See *Cabon v. Gruenig*, 18 Neb., 562.

Sec. 2 of the same chapter provides that "the provisions of the code of civil procedure relative to justices of the peace shall, where there are no special provisions to the contrary, apply to county courts."

Sec. 498 of the code provides for the confirmation of all sales of real estate, whether sold upon execution or order of sale.

In *State Bank v. Green*, 10 Neb., 134, 135, it is said: "Under our statute governing sales of real property on execution the title of the purchaser depends entirely upon the sale being finally confirmed by the court under whose process it was made, and until this is done the rights of the execution debtor are not certainly divested. *Miller v. Hall*, 1 Bush (Ky.), 230."

Under our code a purchaser of real estate at execution sale, who has paid the purchase price, and the sale has been confirmed, is the equitable owner of the property, and may compel the officer, if need be, to execute a deed therefor. Our statute was designed to protect the debtor by requiring an appraisement of the property, and that it bring at least two-thirds of the appraised value, and the purchaser by transferring to him the title of the debtor. Therefore, where the court has jurisdiction, its proceedings in confirming a sale are not subject to attack collaterally.

Sec. 500 of the code provides that "the deed shall be sufficient evidence of the legality of such sale and the proceedings thereunder until the contrary be proved, and shall vest in the purchaser as good and as perfect an estate in the premises therein mentioned as was vested in the party at or after the time when such lands and tenements became liable to the satisfaction of the judgment. And such deed of conveyance to be made by the sheriff or other officer shall recite the execution or executions, or the substance thereof, the names of the parties, the amount, and date of term of rendition of judgment by virtue whereof the said lands and tenements were sold as aforesaid, etc.

It will be observed that there is no recital in the deed that the transcript of the judgment was filed in the district court of Thayer county, but the filing is to be inferred from the fact that the clerk of said court issued execution on the transcript, and is clearly proved. The object of requiring the recital of the date of the judgment, no doubt, was for the purpose of showing on the face of the deed from what time the lien became operative, and in a contest between lienholders or persons claiming to be *bona fide* purchasers it might become material.

But if one or more of the statements required by the statute had been omitted from the deed the power of the court to protect the purchaser, being a continuing one, it could require the sheriff to execute a new deed to conform to the statute, and this power should be exercised in a proper case.

The deed in this case purports to convey the title possessed by Daniel Sherman on the 25th of April, 1878, and does not relate back to the date of the lien of the judgment as it should do. But even then it appears to have transferred the title of Daniel Sherman to the plaintiff in error. The record shows that the deed from Daniel Sherman and wife to Edwin Sherman was acknowledged and presumably delivered May 6th, 1878, after the levy

of the execution.    In the case at bar there is not an entire omission to state in the deed all the facts required by the statute, but they are not stated as fully as they should be. The deed, therefore, should have been received in evidence. As there must be a new trial the district court should permit an examination of the facts under which the plaintiff in error claims the possession of the land in controversy. The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.