<hr />

JOHN A. ORR V. CHARLES A. BROAD ET AL.

FILED NOVEMBER 4, 1897. No. 7525.

1. **Mortgages: TITLE: LIEN.** A mortgage of real property in this state does not convey any title or vest any estate before or after conditions broken, but merely creates a lien on the property. (*Hoagland v. Lowe*, 39 Neb., 397; Compiled Statutes, ch. 73, sec. 55.)

2. ——: RIGHT OF POSSESSION: RENTS. A mortgagor of real property retains the legal title and is ordinarily entitled to the possession thereof until confirmation of a sale under decree of foreclosure of the mortgage and such right of possession carries with it the proprietary interest in the rents and profits of the real estate.

3. ——: SALE OF MORTGAGOR'S INTEREST UNDER EXECUTION: TITLE. Such title and interest of the mortgagor may be sold under execution, and the purchaser at the execution sale by its confirmation and execution of a deed pursuant thereto is vested with such title and right as were in the judgment debtor at the time the lien of the judgment attached to the land.

4. **Ejectment: TERMINATION OF PLAINTIFF'S RIGHT: JUDGMENT.** "In an action for the recovery of real property, where the plaintiff shows a right to recover at the time the action was commenced, but it appears that his right has terminated during the pendency of the action, the verdict and judgment must be according to the fact, and the plaintiff may recover for withholding the property." (Code of Civil Procedure, sec. 629.)

ERROR from the district court of Lancaster county. Tried below before TIBBETS, J. *Reversed.*

The opinion contains a statement of the case.

*H. W. Orr* and *Lamb, Adams & Scott*, for plaintiff in error:

Under the execution sale all the title of mortgagors was conveyed to plaintiff in error. (Code, secs. 499, 500; *Reynolds v. Cobb*, 15 Neb., 381; *Lamb v. Sherman*, 19 Neb., 684.)

Mortgagors could not assign any better right than they possessed. (*Courtnay v. Parker*, 16 Neb., 311, 21 Neb., 582; *Johnson v. Sherman*, 15 Cal., 293.)

Rights to rents and profits passed to plaintiff in error as an incident to the legal title when it was conveyed by the sheriff under his deed. (*Bank of Pennsylvania v. Wise*, 3 Watts [Pa.], 394; *Latta v. Pierce*, 11 Lea [Tenn.], 267; *Butt v. Ellett*, 19 Wall. [U. S.], 544; *English v. Key*, 39 Ala., 113; *Tubb v. Ford*, 58 Ala., 277.)

In absence of stipulations to the contrary, the mortgagor of realty retains the legal title and right of possession. (*Kyger v. Ryley*, 2 Neb., 20; *Webb v. Hoselton*, 4 Neb., 318; *Union Mutual Life Ins. Co. v. Levitt*, 10 Neb., 301; *Higginbottom v. Benton*, 24 Neb., 463; *Johnson v. Sherman*, 15 Cal., 293; *Kidd v. Teeple*, 22 Cal., 255.)

Neither the legal title nor the right to rent passes to mortgagee. (*Kountze v. Omaha Hotel Co.*, 107 U. S., 392; *Trimm v. Marsh*, 54 N. Y., 599; *Sellwood v. Gray*, 11 Ore., 534; *Seckler v. Delfs*, 25 Kan., 159; *Sexton v. Breese*, 32 N. E. Rep. [N. Y.], 133; *Vason v. Ball*, 56 Ga., 268; *Taliaferro v. Gay*, 78 Ky., 496; *Wooley v. Holt*, 14 Bush [Ky.], 789; *Caruthers v. Humphrey*, 12 Mich., 270; *Humphrey v. Hurd*, 29 Mich., 44; *Mills v. Heaton*, 52 Ia., 215; *Mills v. Hamilton*, 49 Ia., 105; *Morrow v. Morgan*, 48 Tex., 304; *Newton v. McKay*, 30 Mich., 380; *Ferris v. Wilcox*, 51 Mich., 105; *Butman v. James*, 34 Minn., 547; *Dutton v. Warschauer*, 21 Cal., 610.)

The only method by which a mortgagee can obtain a lien upon rents and profits is by having a receiver appointed in a foreclosure proceeding. Until that time the

rents may be collected by the holder of the legal title or reached by his creditors. (*Howell v. Ripley*, 10 Paige [N. Y.], 43; *Astor v. Turner*, 11 Paige [N. Y.], 436; *Wooley v. Holt*, 14 Bush [Ky.], 789; *Teal v. Walker*, 111 U. S., 242; *Post v. Dorr*, 4 Edn. Ch. [N. Y.], 412; *Gilman v. Illinois & Mississippi Telephone Co.*, 91 U. S., 603; *Kountze v. Omaha Hotel Co.*, 107 U. S., 392; *American Bridge Co. v. Heidelbach*, 94 U. S., 798; *Taliaferro v. Gay*, 78 Ky., 498; *Reed v. Ward*, 51 Ind., 215; *Sellwood v. Gray*, 11 Ore., 535.)

The amount of rent received is the measure of recovery, and a landlord who puts another in possession as his tenant renders himself liable to the true owner for the rental value of the premises. (*Chirac v. Reinicker*, 11 Wheat. [U. S.], 280; *Storch v. Carr*, 28 Pa. St., 135; *Williamson v. Heyser*, 74 Ga., 271; *Winings v. Wood*, 53 Ind., 187.)

Where the right to maintain ejectment terminates during suit, plaintiff may recover *mesne* profits. (*Hairston v. Dobbs*, 2 So. Rep. [Ala.], 148.)

Defendants were not entitled to the appointment of a receiver. (*Nash v. Meggett*, 61 N. W. Rep. [Wis.], 283; *Adair v. Wright*, 16 Ia., 386.)

*John H. Ames* and *E. F. Pettis*, contra.

References: Code, secs. 85, 853; *Harrington v. Latta*, 23 Neb., 84; Wiltsie, Mortgage Foreclosures, secs. 576, 577.

HARRISON, J.

The plaintiff instituted this action in the district court of Lancaster county, asserting in the petition that on a certain stated date he was the owner in fee, and entitled to the possession, of lot 12 in block 41, in the city of Lincoln, and that the defendant Charles A. Broad wrongfully and unlawfully entered into, and held possession of, the property, received the rents, issues, and profits thereof and appropriated them to his own use, whereby he became indebted to the plaintiff in the amount of such

rents, etc. The prayer of the petition was for judgment in the pleaded sum of the rents. Emma H. Holmes, who also claimed the rents of the property, was on motion of the defendant Charles A. Broad made a party defendant. Issues were joined, and after a partial trial before a jury, a trial by jury was waived, that body was discharged, the trial completed, and the cause submitted to the court. The result was a judgment for defendants. The plaintiff presents the case to this court for review.

The trial court made special findings, and it is claimed as error that the judgment rendered is contrary to the findings. The findings were as follows:

"This cause having been tried at a former term of the district court, and the same having been submitted upon the evidence adduced, and now comes on for final hearing and determination upon the petition of the plaintiff and the answers of the defendants, and the replies thereto, and on the evidence adduced, and the court being fully advised in the premises, doth find:

"1. That on the 31st day of October, 1890, in an action in the justice court of Lancaster county, Nebraska, in which Hooker & Orr were plaintiffs, the said plaintiffs recovered a judgment against C. H. Hutchins and Jane G. Hutchins for the sum of $169.29 and costs of action taxed at $3.45; and on the 3d day of November, 1890, a transcript of said judgment was duly filed in the office of the clerk of the district court of Lancaster county, state of Nebraska, and from and after the date of said filing was an existing and valid lien upon all the real estate of the said defendants Hutchins, situated in said county.

"2. That at the time of the filing of said lien the said defendants Hutchins were the owners of lot twelve (12) in block forty-one (41) in the city of Lincoln, Lancaster county, state of Nebraska, in fee simple; and from and after the filing of said lien the said judgment was an existing and valid lien upon the said real estate.

"3. That prior to the filing of said lien there existed a mortgage lien upon said premises in favor of the Clark

& Leonard Investment Company for the sum of $15,000 and accrued interest, and a mortgage in favor of W. W. Holmes on the same and other property for the sum of $16,500 and accrued interest; that the conditions in each of these mortgages were broken and the mortgagees had acquired the right to foreclose the mortgage liens.

"4. That prior to the filing of said judgment lien, to-wit, on the 19th day of September, 1890, an action of foreclosure had been commenced in a case in the district court of Lancaster county, Nebraska, in which Leonidas K. Holmes and others were plaintiffs and the said C. H. Hutchins and Jane G. Hutchins and others were defendants, and in the said action the said Clark & Leonard Investment Company and W. W. Holmes had filed cross-petitions seeking the foreclosure of their mortgage liens, and the said action was at all times pending in said court from the time of the commencement of the same until the 19th day of February, 1894. That a notice of *lis pendens* of such action was filed in the office of the register of deeds of Lancaster county prior to the filing of the transcript in the office of the clerk of the district court in the above named cause of Hooker & Orr *versus* Jane G. Hutchins et al., but that said notice of *lis pendens* did not describe the property above named, to-wit, lot twelve (12) in block forty-one (41), city of Lincoln.

"5. That on the 10th day of August, 1891, the plaintiff herein caused execution to issue upon his judgment heretofore recited, and levy to be made upon the said real estate, and on the 15th day of September, 1891, the said real estate was sold at sheriff's sale under said execution, and was purchased by the plaintiff herein; and that at the September term of court, 1891, the said sale was duly confirmed in the district court of Lancaster county, state of Nebraska, and a deed ordered to issue; and that on the 19th day of November, 1891, a sheriff's deed to said property was issued to the plaintiff herein, which deed was never filed in the office of the register of deeds of Lancaster county, Nebraska.

"6. That on the 19th day of November, 1892, the plaintiff herein made due and formal demand upon the defendant herein, Charles A. Broad, for the possession of the premises upon said real estate occupied by him, and the said Charles A. Broad at said time refused to deliver the said premises to plaintiff.

"7. That on the 11th day of August, 1891, the said C. H. Hutchins and Jane G. Hutchins delivered the said real estate above described, including the premises occupied by the defendant Charles A. Broad, to the possession of the defendant Emma H. Holmes, and the said Emma H. Holmes upon said date took actual and manual possession of the said premises, and at all times since said date the said Emma H. Holmes, by herself and tenants, has held possession and control of the said premises, and the defendant Charles A. Broad has at such times been the tenant of the defendant Holmes.

"8. That on the said 11th day of August, 1891, the said C. H. and Jane G. Hutchins executed and delivered to Emma H. Holmes an assignment in writing to the said Emma H. Holmes of all the rents and profits of the real estate above described to accrue in the future.

"9. That on the said 11th day of August, 1891, the said defendant, Emma H. Holmes, was administratrix of the estate of W. W. Holmes, the mortgagee above named, and in all matters touching the said assignment of the taking possession and subsequent holding of possession of the said real estate, the said Emma H. Holmes, defendant, acted for and in behalf of the estate of W. W. Holmes, deceased.

"10. That the said Emma H. Holmes, while so acting, received as rents from the defendant Charles A. Broad, the sum of $3,450 and applied the same in the payment of interest then due upon the before named mortgages described as given to the Clark & Leonard Investment Company and W. W. Holmes, and in the payment of the principal of said mortgages, and in the payment of expenses in the care and reparation of the building located upon said real estate.

"11. That final judgment was rendered in the district court of Lancaster county, Nebraska, in the said case of L. K. Holmes et al., plaintiffs, and C. H. and Jane G. Hutchins et al., defendants, on the 27th day of November, 1891; that order of sale issued upon the decree entered therein, and on the 27th day of December, 1892, the said premises were sold and purchased by the defendant Emma H. Holmes for the sum of $11,370, and thereafter the said sale was duly confirmed by the said court and a deed issued to the said Emma H. Holmes on the 19th day of February, 1894, which was subsequently recorded in the office of the register of deeds of Lancaster county, state of Nebraska.

"12. The court further finds that all the rents and profits of the premises occupied by the defendant Charles A. Broad have been by him paid to Mrs. Emma H. Holmes, and by her applied to the satisfaction of the liens above described that are prior to the interest of the plaintiff herein, and that in equity and good conscience the plaintiff ought not to recover the same. And the court therefore finds in favor of the defendants and against the plaintiff.

"It is therefore considered, ordered, adjudged, and decreed that the defendants go hence without day, and the plaintiff take nothing by his writ, and that the action of the plaintiff be and the same hereby is dismissed, and that the defendants herein recover of and from the plaintiff John A. Orr their costs herein expended, taxed at $50.78.

"To all of which, and to each and every finding heretofore made, the plaintiff duly excepts, and forty days from the rising of court allowed to reduce exceptions to writing.

"To the first, second, fifth, and sixth findings of the court the defendants duly and severally except."

By the findings it is established that at the time the plaintiff obtained his judgment and filed the transcript thereof in the office of the clerk of the district court, there

were mortgages existing against the real estate drawn into question in this action which were in process of foreclosure by action in the proper court. It is of our statutory law that "In the absence of stipulations to the contrary, the mortgagor of real estate retains the legal title and right of possession thereof." (Compiled Statutes, ch. 73, sec. 55.) A mortgage "is a mere pledge for the payment of the debt or performance of an obligation." "The mortgagor retains the right of possession up to the confirmation of sale had upon the decree of the court." (*Kyger v. Ryley*, 2 Neb., 20.) "But in this state the mortgagee is not seized of the freehold, either at law or in equity, even after condition broken. The mortgagor retains the legal title and is entitled to the possession which he may retain until the sale is confirmed." (*Webb v. Hoselton*, 4 Neb., 318.) In *Renard v. Brown*, 7 Neb., 453, in referring to a mortgagor, it is stated: "He is the owner of the land and the mortgage is a mere security for the debt. The land thus mortgaged descends to his heirs as real estate and may be devised as such. And it may be sold on execution against the mortgagor." (See, also, *Hurley v. Estes*, 6 Neb., 386; *Union Mutual Life Ins. Co. v. Lovitt*, 10 Neb., 301.) "A mortgage on real property in this state does not convey any title. or vest any estate before or after conditions broken, but merely creates a lien upon the mortgaged property." (*Hoagland v. Lowe*, 39 Neb., 397; *Davidson v. Cox*, 11 Neb., 250; *McHugh v. Smiley*, 17 Neb., 626.)

The plaintiff who purchased at the execution sale, by the confirmation thereof and the deed made pursuant thereto, was vested with such title and right as were in the judgment debtor at the time the lien of the judgment attached to the land. (Code of Civil Procedure, secs. 499, 500; *Reynolds v. Cobb*, 15 Neb., 381; *Courtnay v. Parker*, 16 Neb., 311, 21 Neb., 582; *Lamb v. Sherman*, 19 Neb., 681; *Yeazel v. White*, 40 Neb., 432.) These were the legal title and right to possession. His title and right thus acquired were liable to extinguishment by the foreclosure of the mort-

36

gages, a sale under the decree, and confirmation thereof (*Harrington v. Latta*, 23 Neb., 84; *Lincoln Rapid Transit Co. v. Rundle*, 34 Neb., 559); but until the occurrence of the last mentioned event he had the legal title and right to possession. Accompanying the legal title and right to possession, the right to the rents and profits passed to the plaintiff; hence, from the date, November 19, 1891, the date of the confirmation of the execution sale and deed of the sheriff to the plaintiff, the legal title was in him, he had the right of possession and to collect the rents and profits of the real estate. (In support of the last proposition see *Butt v. Ellett*, 19 Wall. [U. S.], 544; *Latta v. Pierce*, 11 Lea [Tenn.], 267; *Bank of Pennsylvania v. Wise*, 3 Watts [Pa.], 394; *Yeazel v. White*, 40 Neb., 432.) From the last mentioned date, the plaintiff could maintain an action of ejectment against parties who without right were withholding and occupying the real estate. Whether the action of ejectment would lie in his favor against either of the defendants herein is a question not presented, hence we need not discuss it. The parties joined issues and submitted them to the trial court for adjudication and would be held bound by the judgment after its rendition (*Gregory v. Lancaster County Bank*, 16 Neb., 411); hence it was not error to determine the issue in regard to rents and profits in the present suit. If the plaintiff had the right to maintain an action of eject-ment against the defendants, it terminated during the pendency of this action or on the date of the confirmation of the sale made pursuant to the decree of foreclosure of the mortgages, but he could recover in the action for withholding the property. (Code of Civil Procedure, sec. 629.)

It is urged for defendants that there is no finding of the rental value of the property, and none that the rents col-lected by and during the time one of the defendants claimed to be in possession accrued during the time which was contemporaneous with the time the plaintiff asserts he was entitled to the possession and the rents. The

findings are to the effect that Emma H. Holmes, of defendants, took actual possession of the premises August 11, 1891, and continued such possession with the other defendant, Charles A. Broad, as her tenant, and collected between three and four thousand dollars rent moneys; in short there is sufficient in the findings to show that the property had a rental value during the time plaintiff had the right to its possession, and that during such time, or a portion of it, one of the defendants occupied it as the tenant of the other, paying rent therefor to his now co-defendant.    This is sufficient on this branch of the case to establish the plaintiff's right to recover.

It follows from the conclusions herein reached that the judgment must be reversed and the cause remanded.

REVERSED AND REMANDED.

RYAN, C., not sitting.