MRS. S. C. HATCH, APPELLANT, V. NELS SHOLD ET AL., APPELLEES.

FILED NOVEMBER 7, 1901.   NO. 10,546.

1. Mortgage: TITLE IN MORTGAGOR PENDING CONFIRMATION. The legal title of mortgaged real property remains in the mortgagor pending the confirmation of a sale thereof made under a decree of foreclosure of the real estate mortgage.

2. Payments Before Confirmation Accrue to Mortgagor's Benefit. All payments made on the decree prior to confirmation accrue to the benefit of the mortgagor, and the excess of the sum for which the premises sold, after deducting costs and the amount of such decree, with interest, less the payments made thereon, should be paid to the mortgagor.

APPEAL from the district court for Dawes county. Heard below before WESTOVER, J.  Affirmed.

Albert W. Crites, for appellant.

G. A. Eckles and Allen G. Fisher, contra.

HOLCOMB, J.

After a decree of foreclosure of a real estate mortgage had been rendered, and the property bid in by a trustee of the plaintiff under an order of sale issued in pursuance thereof, but before the confirmation of sale, it appears that a fire damaged the building on the mortgaged prem-

ises on which insurance was carried. After some nego-
tiations the mortgagor repaired the building thus dam-
aged, bringing it to as good state as before the fire, and
the insurance money was applied on the decree under
which the property had been sold. Acknowledgment of
the payment was made in the following manner and form:

"CHADRON, NEBR., November 14, 1898.

"Received of N. Shold per G. T. H. Babcock the sum
of one hundred eighty-five and 75-100 dollars to apply on
decree of foreclosure Hatch v. Shold,"—signed by the
plaintiff by her attorney.

On application for confirmation of sale, and at the time
thereof, the trial court entered an order directing the pay-
ment to the defendant mortgagor the excess of the pro-
ceeds of the sale, after deducting costs and the amount of
the decree, with interest, less the payment above men-
tioned. From this order the plaintiff appeals, insisting
the payment should not have been deducted from the
amount of the face of the decree, with interest. This con-
tention is certainly most inequitable. The purchaser on
confirmation obtained title to all the property that he had
bid in, and as valuable as it was when the bid was made
at sheriff's sale. He was not asking to have the sale set
aside for any reason, but prayed its confirmation on the
terms of sale at which he had bid the property in. We
can conceive of no rule by which the plaintiff could ask
to have paid her in satisfaction of her decree more than
was due when it was satisfied. Suppose the purchaser
had been some third party and the decree had before con-
firmation been satisfied to the extent of one-half of the
amount due; would the plaintiff be in a position to rightly
claim of the proceeds of the sale the full amount of her
decree? We think not. We are not favored with any
brief by the appellee. The appellant takes the position
that the mortgagor after the sale had only the bare right
to redeem the premises from the sale, and no other right,
interest or title in the land whatever, and that the pay-
ment can only be regarded as an attempt to redeem, which

having failed because the full amount due was not forthcoming, he has altogether lost the payment thus made. But the rule is, as we understand the law and the force of prior decisions, that the legal title to the mortgaged property remains in the mortgagor and is not divested until confirmation of sale,—possibly not until the officer making the sale has after confirmation executed and delivered a deed to the property in pursuance of the order of confirmation. Conversely, the mortgagee has during such time only a lien for the amount due him, which may, before its satisfaction, by sale or otherwise, be divested by payment of the amount due, in whole or in part. Until confirmation of sale, the mortgagor's equity of redemption is not cut off, and his legal title to the property gives him a valuable interest therein, and a right of action to protect that interest, subject only to the superior lien of the mortgagee for the amount due on the incumbrance. The plaintiff at the time of confirmation has no right to demand of the proceeds of the sale of the mortgaged property more than a sum sufficient to pay the amount then due on the decree. This, it occurs to us, is what she attempted to do in this case, and the court ruled equitably and rightly in refusing the demand. The purchaser has no cause of complaint, because he has received all that he bargained for when he made the bid for the property, which was accepted. No question is presented in the case at bar as to the rights of parties when property has been depreciated in value by fire between a sale thereof and the time of confirmation, nor the proper application of insurance money where the property is insured and loss occurs under the circumstances last mentioned. In this case the damage was repaired at the expense of the mortgagor, and the payment made and applied on the decree was as though no loss had occurred, and as though made by the mortgagor from his personal funds.

The order appealed from should be, and is,

AFFIRMED.