THOMAS ZACEK AND HESTER ZACEK, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 5100. Promulgated May 14, 1947.

*Thomas Zacek,* pro se.
*Richard A. Jennings, Esq.,* for the respondent.

#### OPINION.

LEMIRE, *Judge*: This proceeding involves a deficiency of $151.94 in the petitioners' income tax for 1941. The only issue is whether a deduction was properly disallowed as a loss from a sale between members of a family under section 24 (b) (1) (A) of the Internal Revenue Code.[1]

---

[1] SEC. 24. ITEMS NOT DEDUCTIBLE.

* * * * * * *

(b) LOSSES FROM SALES OR EXCHANGES OF PROPERTY.—
(1) LOSSES DISALLOWED.—In computing net income no deduction shall in any case be allowed in respect of losses from sales or exchanges of property, directly or indirectly—
(A) Between members of a family, as defined in paragraph (2) (D) ;
(2) * * *

* * * * * * *

(D) The family of an individual shall include only his brothers and sisters (whether by the whole or half blood), spouse, ancestors, and lineal descendants ; * * *

The parties have filed a stipulation of facts, which is hereby adopted as our findings of fact. The material facts may be summarized as follows:

The petitioners are husband and wife, residing in Omaha, Nebraska. They filed a joint return with the collector of internal revenue for the district of Nebraska. The husband alone will hereinafter be referred to as the petitioner.

The petitioner's father died in 1929, leaving a will by which he devised a certain farm in Nebraska to his eight children. The petitioner received a one-tenth interest under the will and later inherited an additional one-seventieth interest. His father also made certain bequests in the amount of $3,500. Two of the petitioner's brothers and sisters advanced that amount to the estate and took a mortgage as security for the loan. Due to several years of drought and damage by grasshoppers, the mortgage interest and taxes became delinquent. The two devisees-mortgagees refused to pay their proportionate shares of the delinquencies and in 1939 commenced foreclosure proceedings. The other devisees-mortgagors resisted the foreclosure in court, but the court entered an adverse decree and ordered a sale. The farm was sold at a sheriff's sale in 1941 to the two devisees-mortgagees for $5,509, which covered only mortgage principal, interest, taxes, and costs.

The petitioner claimed a deduction for his share of the loss from the sale of the farm as a long term capital loss.[2] The respondent concedes that the sale was a bona fide transaction. He disallowed the loss pursuant to section 24 (b) (1) (A), which provides that "no deduction shall *in any case* be allowed in respect of losses from sales or exchanges of property, directly or indirectly—between members of a family * * *." (Italics supplied.) As we pointed out in *Nathan Blum*, 5 T. C. 702, 711, the language chosen by Congress is so broad that it includes bona fide transactions, without regard to hardship in particular cases. We think that it is also broad enough to include involuntary sales. Cf. *Helvering* v. *Hammel*, 311 U. S. 504, in which it was held that a judicial sale is a "sale" for the purpose of establishing a capital loss under sections 23 and 117. In the present case the petitioner was a party to foreclosure proceedings which terminated in a judicial sale of his property to members of his family. Under the laws of Nebraska the court had power to decree a sale of the mortgaged premises; the sheriff was authorized to make such sale, and he acted in his official capacity; the sheriff's deed conveyed all interest of the mortgagor and was "as valid as if

---

[2] The amount of the petitioner's loss was computed in the return as being $2,798.97. At the hearing the parties agreed that the farm had a value of $32,000 less $3,500, for estate purposes. See also stipulation 2. Hence the petitioner actually sustained a loss of $3,257.14 (8/70ths of $28,500).

executed by the mortgagor and mortgagee." Revised Statutes of Nebraska, 1943, §§ 25–2138, 2144, 2145. The petitioner retained his undivided interest in the legal title to the mortgaged property until it was transferred to the members of his family. See *Hatch* v. *Shold*, 62 Neb. 764; 87 N. W. 908; *Orr* v. *Broad*, 52 Neb. 490; 72 N. W. 850. We think there was a sale of property indirectly between members of a family within the meaning of section 24 (b) (1) (A). Accordingly, we sustain the Commissioner's action in disallowing the loss in question.

Reviewed by the Court.

*Decision will be entered for the respondent.*

---

Murdock, *J.*, dissenting: The statute disallows losses from sales, directly or indirectly, between brothers. Here the petitioner did not make the sale or control it indirectly. It was made by the sheriff, who was in no way influenced or controlled by the petitioner. It was made to, the highest bidder. This sale was not the kind which the statute was intended to reach and is not within the letter of the statute. The loss should be allowed.

Arnold and Kern, *JJ.*, agree with this dissent.