## COMMISSIONER OF INTERNAL REVENUE v. MOORE, Inc.

### No. 11401.

Circuit Court of Appeals, Fifth Circuit.

Oct. 30, 1945.

528

Carlton Fox, Sewall Key, and Helen R. Carloss, Sp. Assts. to Atty. Gen., Samuel O. Clark, Jr., Asst. Atty. Gen., and J. P. Wenchel, Chief Counsel, Bur.Int.Rev., and Charles E. Lowery, Sp. Atty., Bur.Int.Rev., both of Washington, D. C., for petitioner.

A. W. Clapp, of Atlanta, Ga., for respondent.

Before SIBLEY, McCORD, and WALLER, Circuit Judges.

SIBLEY, Circuit Judge.

The taxpayer in the calendar year 1941 had short term capital gains of $2,844, and a long term capital loss of $17,025. In the calendar year 1942 he claimed a net-operating-loss carry-over of $1,883 gotten by taking into account both the long term loss and the short term gain. The Commissioner thought that under the law in force in 1941 long and short term capital operations were separate, and since there was no long-term gain no long-term capital loss could be considered, with the result that there was no net-operating-loss to be carried over; and he assessed a deficiency. The question is whether Internal Revenue Code, § 122(d) (4), 26 U.S.C.A. Int.Rev. Code, § 122(d) (4), which deals with the treatment of capital gains and losses in determining the net-operating-loss carry-over to another year is to be applied as it stood in 1941, as the Commissioner urges, or whether, as the taxpayer contends and the Tax Court held (4 T.C. 404), the Section is to be applied as amended by Section 150 (e) of the Revenue Act of 1942, 56 Stat. 843.

Section 122(d) (4) in 1941 required in this connection that long-term capital gains and long-term capital losses shall be taken into account, but that the amount deductible on account of long-term capital losses shall not exceed the amount includible on account of long-term capital gains, and that the amount deductible on account of short-term losses should be similarly limited to the amount includible for short-term capital gains. Thus long-term capital losses were put in a separate category from short-term losses, and neither could cause a deduction only if and to the extent that a gain in its category was included in the account. It often happened as a result that a taxpayer could have no advantage of serious capital losses as a carry-over because his capital gains were of the other category. Evidently Congress thought this a fault in the law which ought to be remedied in the taxpayer's favor. The Section was so amended as to drop all mention of long or short-term capital gains and losses, and to provide broadly thus: "Gains and losses from sales or exchanges of capital assets shall be taken into account * * *. As so computed the amount deductible on account of such losses shall not exceed the amount includible on account of such gains." The plain effect of this is to nullify for the purposes of computing this carry-over deduction the distinction between long-term and short-term capital losses and gains.

And we are not left to conjecture as to when the amendment was to become effective, for the amending Act, at the beginning of Part I, Title 1, which consists of amendments to the Revenue Code, declares in Sect. 101, 56 Stat. 802, 26 U.S.C.A. Int.Rev.Acts, "Except as otherwise expressly provided, the amendments made by this title shall be applicable only with respect to taxable years beginning after December 31, 1941." There is no "otherwise" provision. So this amendment applies with respect to taxable years beginning after December 31, 1941. It therefore applies with respect to the taxable year 1942. It is with respect to taxation for that year that the carry-over produced by a capital loss is here claimed as a deduction; and to ascertain what if anything is deductible by way of carry-over from 1941, we think, as did the Tax Court, that by the express words of the amended Section 122(d) (4), "gains and losses from sales or exchanges of capital assets shall be taken into account", without any reference to what sort of result would have been figured out in 1941 under the then law. It is not the net-operating-loss figured in some previous tax year which is to be taken into account, but the "gains and losses" themselves, by the express words of the Statute. To do otherwise would be to postpone for two years the full operation of the relief intended to be given by the amendment.

■ It is argued that in this and many other cases, when the carry-over originated previous to December 31, 1941, although under the then law there was no net-operating-loss to be carried over, refiguring under the new law would produce a net loss which had not in truth existed. That we think was among the results intended by the change in the law. Net operating losses figured for taxable years before December 31, 1941, are to be refigured to ascertain the proper carry-over deductions which are permissible in taxable years thereafter.

We agree in all respects with the conclusions of the Tax Court, and have restated them only because the Commissioner has so stoutly contested them.

Judgment affirmed.