WEST END FURNITURE CO., PETITIONER, *v.* COMMISSIONER OF
INTERNAL REVENUE, RESPONDENT.

Docket No. 5688.   Promulgated March 22, 1946.

*A. Allen Simon, Esq.*, for the petitioner.
*William H. Best, Jr., Esq.*, for the respondent.

558

OPINION.

KERN, *Judge*: The issue before us is whether petitioner, in computing its normal and surtax net income, is entitled to a credit under section 26 (e) of the Internal Revenue Code, and, if so, in what amount.

That section relates to credits allowed in the computation of corporate normal tax net income and surtax net income, and reads as follows:

SEC. 26. CREDITS OF CORPORATIONS.

In the case of a corporation the following credits shall be allowed to the extent provided in the various sections imposing tax   *   *   *.

   *         *         *         *         *         *         *

(e) INCOME SUBJECT TO EXCESS-PROFITS TAX.—In the case of any corporation subject to the tax imposed by Subchapter E of Chapter 2, an amount equal to its adjusted excess-profits net income (as defined in section 710 (b).   *   *   *[1]

Section 710 (b), referred to, provides as follows:

As used in this section, the term "adjusted excess profits net income" in the case of any taxable year means the excess profits net income (as defined in section 711) minus the sum of:

(1) SPECIFIC EXEMPTION.—A specific exemption of $5,000.

(2) EXCESS PROFITS CREDIT.—The amount of the excess profits credit allowed under section 712; and

(3) UNUSED EXCESS PROFITS CREDIT.—The amount of the unused excess profits credit adjustment for the taxable year, computed in accordance with subsection (c).

Section 711 provides:

The excess profits net income for any taxable year beginning after December 31, 1939, shall be the normal-tax net income, as defined in section 13 (a) (2), for such year, except that the following adjustment shall be made:   *   *   *

---

[1] The omitted part of this subsection reads as follows: "In the case of any corporation computing such tax under section 721 (relating to abnormalities in income in the taxable period), section 726 (relating to corporations completing contracts under the Merchant Marine Act of 1936), section 731 (relating to corporations engaged in mining strategic minerals), or section 736 (b) (relating to corporations) with income from long-term contracts), the credit shall be the amount of which the tax imposed by such subchapter is 90 per centum. For the purpose of the preceding sentence the term 'tax imposed by Subchapter E of Chapter 2' means the tax computed without regard to the limitation provided in section 710 (a) (1) (B) (the 80 per centum limitation), without regard to the credit provided in section 729 (c) and (d) for foreign taxes paid, and without regard to the adjustments provided in section 734. This subsection shall not apply to any corporation exempt from such tax under section 725 or section 727."

Section 13 (a) (2) defines "normal-tax net income" as "the adjusted net income" as defined in section 13 (a) (1) minus the credits for income subject to the tax imposed by subchapter E of chapter 2 provided in section 26 (e) and dividends received. Section 13 (a) (1) defines "adjusted net income" as net income minus the credit relating to interest on certain government obligations. Thus, the first figure with which excess profits tax computations begin is the net income.

Petitioner is in the business of selling furniture at retail, largely on the installment plan. Its net income, for income tax purposes, is therefore computed on the installment basis, under the provisions of section 44 (a) of the Internal Revenue Code, the provisions of which do not enter into the dispute. Its net income, so computed, amounted to approximately $75,000 in 1942.

For excess profits tax purposes, however, petitioner elected to compute its income on an accrual basis instead of an installment basis, as authorized by section 736 (a) of the Internal Revenue Code.[2]

This was a relief provision enacted by Congress in 1942 for the purpose of providing excess profits tax relief to taxpayers in the installment sales business. Petitioner was able to fulfill the requirements of the statute to establish its eligibility, about which there is no dispute,

---

[2] SEC. 736. RELIEF FOR INSTALLMENT BASIS TAXPAYERS AND TAXPAYERS WITH INCOME FROM LONG-TERM CONTRACTS.

(a) ELECTION TO ACCRUE INCOME.—In the case of any taxpayer computing income from installment sales under the method provided by section 44 (a), if such taxpayer establishes, in accordance with regulations prescribed by the Commissioner with the approval of the Secretary, that the average volume of credit extended to purchasers on the installment plan in the four taxable years preceding the first taxable year beginning after December 31, 1941, was more than 125 per centum of the volume of such credit extended to such purchasers in the taxable year, or the average outstanding installment accounts receivable at the end of each of the four taxable years preceding the first taxable year beginning after December 31, 1941, was more than 125 per centum of the amount of such accounts receivable at the end of the taxable year, or if the taxpayer was not in existence for four previous taxable years, the taxable years during which the taxpayer was in existence, in either case including only such years for which the income was computed under the method provided in section 44 (a), it may elect, in its return for the taxable year, for the purposes of the tax imposed by this subchapter, to compute, in accordance with regulations prescribed by the Commissioner with the approval of the Secretary, its income from installment sales on the basis of the taxable period for which such income is accrued, in lieu of the basis provided by section 44 (a). Except as hereinafter provided, such election shall be irrevocable when once made and shall apply also to all subsequent taxable years, and the income from installment sales for each taxable year before the first year with respect to which the election is made but beginning after December 31, 1939, shall be adjusted for the purposes of this subchapter to conform to such election. In making such adjustments, no amount shall be included in computing excess profits net income for any excess profits tax taxable year on account of installment sales made in taxable years beginning before January 1, 1940. If the taxpayer establishes, in accordance with regulations prescribed by the Commissioner with the approval of the Secretary, that in a taxable year subsequent to the year with respect to which an election has been made under the preceding provisions of this subsection it would not be eligible to elect such accrual method, the taxpayer may in accordance with such regulations elect in its return for such year to abandon such accrual method. Such election shall be irrevocable when once made and shall preclude any further elections under this subsection. For the taxable year for which the latter election is made and subsequent taxable years, income shall be computed in accordance with section 44 (c).

and accordingly it computed its income for excess profits tax purposes on an accrual basis. This resulted in an adjusted excess profits net income in the amount of $9,032.04, according to petitioner's excess profits tax return, but in no excess profits tax due, because of the 80 percent limitation imposed by the statute. Petitioner then used the $9,032.04 figure as its 26 (c) credit in computing its income tax liability. In his notice of deficiency, respondent disallowed the credit claimed in that amount and allowed a credit in the amount of $2,565.84. However, when the petition was filed in this proceeding, petitioner advanced beyond its original contention and assumed the position that it was entitled to a credit under section 26 (e) in the amount of $42,688.33. This claim was based on its interpretation of the sections of the statute, quoted above, which allow a credit in the amount of its adjusted excess profits net income, which, in turn, is made to depend on the amount of the normal tax net income. Petitioner therefore now contends that it is entitled to a credit under section 26 (e) in the amount of adjusted excess profits net income which would result from making the adjustments prescribed by section 711 and section 710 to the normal tax net income on which its income tax liability was based, which was computed on an installment basis, notwithstanding its election to compute its excess profits tax liability on an accrual basis.

Respondent has also gone beyond his earlier position, and has filed an amended answer, asserting an increased deficiency based upon his present theory that, although by his own computation petitioner has an "adjusted excess profits net income" in the amount of $2,565.84, it is not entitled to any credit under section 26 (e) because it did not pay any excess profits tax.

Considering first the petitioner's contention, it is essentially this: It computes its income tax on the installment basis and its excess profits tax on the accrual basis. In computing its income tax liability, it is entitled to a credit equal to the amount of its adjusted excess profits net income, as defined in section 710 (b). Section 710 (b) refers to section 711 (a), which defines excess profits net income as normal tax net income with certain adjustments. Therefore, petitioner reasons, it is entitled to take its normal tax net income, computed on an installment basis, make the adjustments required by sections 710 (b) and 711 (a), and use the resulting figure as its "adjusted excess profits net income" credit in computing its income tax liability, although it elected to compute its adjusted excess profits net income for excess profits tax purposes on the accrual basis.

Petitioner's chief argument on this point is based on its construction of section 711 (a), which, it contends, requires, by its plain language, the use of its normal tax net income (which, of course, is computed on the installment basis) as a basis for its excess profits net

income. It argues that the statute says the excess profits net income shall be normal tax net income, with certain adjustments; that its normal tax net income is computed on the installment basis; and that that figure, therefore, is the one which must be used in the computation of the excess profits tax net income which forms the basis for the credit under 26 (e). It attacks, as contrary to the statute, respondent's Regulations 112, section 35.736 (a)–3, which provides that the credit shall be computed on the accrual basis.[3]

A careful analysis of the statute demonstrates the fallacy of petitioner's argument.

In section 711 is found the first step required for the computation of excess profits tax liability. That first step is to take the normal tax net income and make the several adjustments required there. After these and other adjustments provided by section 710 are made, the resulting figure is the amount upon which excess profits tax is paid. Petitioner elected under 736 (a) "to compute its income from installment sales on the basis of the period for which such income is accrued" for excess profits tax purposes, instead of the installment basis which it uses for income tax purposes. For that reason, in its case, when it computed its excess profits tax liability, the normal tax net income referred to in section 711 (a) was a normal tax net income computed on the accrual basis, not the normal tax net income computed on the installment basis on which it paid its income tax. Otherwise, its purported election would be meaningless and ineffective. It is

---

[3] SEC. 35.736 (a)–3 *Computation of Income on Straight Accrual Basis.*—If the taxpayer has elected under section 736 (a) and section 35.736 (a)–2 to compute for excess profits tax purposes its income from installment sales on the basis of the taxable year for which such income is accrued, in lieu of the basis provided by section 44 (a), the gross income of the taxpayer from installment sales shall be computed upon such accrual basis. * * *
 * * * * * * *
If an election is made under section 736 (a) and section 35.736 (a)–2 for an excess profits tax taxable year beginning after December 31, 1941, or for a subsequent taxable year, to compute excess profits net income on the straight accrual basis in lieu of the installment basis, the following rules shall apply with respect to a taxable year beginning after December 31, 1941 : The normal tax and surtax determined under Chapter 1 shall be based upon normal tax net income and surtax net income which include income from installment sales computed under the method provided by section 44 (a), and the excess profits tax shall be determined upon the basis of adjusted excess profits net income which shall include income from installment sales computed upon the straight accrual basis as described in this section. The normal tax net income and the corporation surtax net income for the purposes of the normal tax and surtax under Chapter 1 shall be determined by using as the credit under section 26 (e) (relating to income subject to excess profits tax) the amount of adjusted excess profits net income computed by determining income from installment sales upon the straight accrual basis. For the purposes of determining the excess profits tax under section 710 (a) (1) (B), as an amount which when added to the normal tax and surtax for such year equals 80 per cent of the corporation surtax net income computed without regard to the credit under section 26 (e) the corporation surtax net income shall include income from installment sales computed upon the straight accrual basis described in this section, the credit for dividends received used in computing corporation surtax net income shall be limited to 85 percent of the net income which shall include income from installment sales computed upon such straight accrual basis, and the normal tax and surtax shall be the actual normal tax and surtax determined under Chapter 1.

thus impossible to escape the conclusion that the term "normal-tax net income" as used in section 711 (a) does not, in and of itself, and in every case, mean the normal tax net income used for income tax purposes. In the case of a taxpayer who has elected to compute his excess profits tax income on an accrual basis, the normal tax net income which is an integral factor in such computation must necessarily be computed also on the accrual basis, in order to give any effect whatever to the election. We, therefore, hold that the credit to which petitioner is entitled under section 26 (e) is in an amount equal to its adjusted excess profits net income computed on the accrual basis by virtue of its election under section 736 (a).

Turning now to respondent's objection to the allowance of any credit whatever, we note the following pertinent factors. Attached to the notice of deficiency was respondent's calculation of petitioner's tax liability, and that computation showed petitioner's "adjusted excess-profits net income" to be $2,565.84. Although respondent allowed this amount as a credit under section 26 (e), he made no determination of deficiency in petitioner's excess profits tax. Respondent, having allowed the credit provided for in section 26 (e) in the amount of $2,565.84, now claims the credit was erroneously allowed, and that no credit should be allowed because petitioner had no income subject to excess profits tax.

In opposition to respondent's demand for an increased deficiency, petitioner points to the fact that respondent's original calculation, which allowed the credit of $2,565.84, was in exact accord with respondent's own regulation, section 35.736 (a) of Regulations 112. Petitioner refers to an illustrative case contained in the regulation in which a 26 (e) credit was allowed in the amount of "adjusted excess profits net income" in computing normal and surtax income, even though the excess profits tax actually paid was computed on a different amount by reason of the 80 percent limit provisions of section 710 (a).

Petitioner's objections to the position which respondent now assumes by amended answer are well founded. The regulation referred to supports petitioner's argument, and, in addition, correctly interprets the statute.

The extensive argument which petitioner directed toward the first problem involved in this case, which we have already decided, might, we think, more properly have been aimed at this phase of the case. Section 26 (e) provides for a credit in "an amount equal to its adjusted excess-profits net income," except that, in four types of corporations, "the credit shall be the amount of which the tax imposed by such subchapter is 90 per centum."

This would seem to indicate a legislative intent that only in those four exceptional cases (which do not apply to petitioner) is the credit

to be measured by the amount of income on which the tax is actually imposed. In all other cases, the credit is to be in the amount of the adjusted excess profits net income, whether or not the tax was actually imposed on that amount.

We are convinced that there is no statutory basis for the respondent's refusal to allow a credit in the amount of petitioner's adjusted excess profits net income.

*Decision will be entered under Rule 50.*