Advance Aluminum Castings Corporation v. Commissioner.
Advance Aluminum Castings Corp. v. Commissioner
Docket No. 9091.
United States Tax Court
1947 Tax Ct. Memo LEXIS 140; 6 T.C.M. (CCH) 853; T.C.M. (RIA) 47206; July 14, 1947
Frank J. Albus, Esq., for the petitioner. Harold H. Hart, Esq., for the respondent. HARLAN Memorandum Opinion HARLAN, Judge: The respondent determined deficiencies in income and excess profits taxes as follows: Excess Profits
Year
Income Tax
Tax
1940
$ 1,809.62
$1,432.56
1942
51,313.24
1,618.81
Two issues were raised by the pleadings. One involving a disallowance by the Commissioner of a claimed deduction for salaries and *141 wages of $13,487.45 for the year 1940 was conceded by the petitioner at the hearing. The remaining issue is whether the Commissioner erred in determining that for the purpose of computing normal and surtax net income, the credit to which the petitioner was entitled under section 26(e) of the Internal Revenue Code, as amended, does not exceed $376,296.24. [The Facts] The facts have been stipulated and are as follows: 1. The petitioner is a corporation organized and existing under the laws of the State of Illinois, with its principal place of business at 2742 West 36th Place, Chicago, Illinois. The Federal tax returns of the petitioner, Forms 1120 and 1121, for the years involved herein, were filed with the Collector of Internal Revenue for the First District of Illinois. 2. The petitioner is engaged in the business of manufacturing and selling aluminum castings and aluminum kitchen utensils. 3. The petitioner for 1942 and prior years had two types of accounts receivable, those resulting from ordinary trade sales and those resulting from installment sales of aluminum cooking ware. The books and accounts of the petitioner are kept on the *142 accrual basis of accounting and its tax returns for the years in question were prepared on such basis, with the exception that for income tax and surtax purposes its income from installment sales was reported, with the consent of the Commissioner of Internal Revenue, in accordance with the provisions of Section 44(a) of the Internal Revenue Code. 4. At the time of filing its excess profits tax return for the year 1942, petitioner elected to compute its excess profits tax in accordance with the provisions of Section 736(a) of the Internal Revenue Code, as amended. Petitioner at such time for the purpose of complying with the requirements of Section 736(a), supra, and the regulations issued thereunder, filed amended returns, Form 1121, for the years 1940 and 1941 to adjust its excess profits taxes for those years to reflect the excess profits net income computed on the accrual basis rather than the installment basis, and also filed an amended Form 1120 for 1941. The petitioner through its election under Section 736(a), supra, is entitled for purposes of the excess profits tax to compute for 1942 its income from installment sales on the basis *143 of the taxable period for which such income is accrued, in lieu of the basis provided in Section 44(a) of the Internal Revenue Code. 5. In the computation of the excess profits tax of the petitioner for the year 1942, the Commissioner of Internal Revenue determined an excess profits net income on the accrual basis of $485,283.75, from which he subtracted the excess profits credit of $103,987.51 and the specific exemption of $5,000 resulting in an adjusted excess profits net income of $376,296.24, on which figure the excess profits tax was computed. 6. In the determination of the petitioner's income tax and surtax for the year 1942, the respondent allowed as a credit, under the provisions of Section 26(e) of the Internal Revenue Code, the sum of $376,296.24, which was the amount of the adjusted excess profits net income determined on the accrual basis. 7. It is agreed that should the credit under Section 26(e) of the Internal Revenue Code, as amended, be determined as the amount equal to adjusted excess profits net income computed by determining income from installment sales on the basis provided in Section 44(a), *144 supra, rather than the amount of adjusted excess profits net income computed by determining income from installment sales upon the straight accrual basis, the amount of credit resulting would be $504,579.32 instead of $376,296.24, as determined by the Commissioner to be the proper credit under Section 26(e), supra, in his notice of deficiency. On brief the petitioner sets forth the following points upon which it relies: "The petitioner, with the consent of the Commissioner of Internal Revenue, is on the installment sales basis of reporting income in accordance with the provisions of Section 44(a) of the Internal Revenue Code. At the time of the filing of its excess profits tax return for the year 1942, the petitioner properly elected to have its excess profits tax for that year computed in accordance with the provisions of Section 736(a) of the Code. The election under Section 736(a) applied only with respect to the determination of the excess profits tax, and the petitioner was still legally required to compute its income for normal and surtax purposes on the installment sales basis. In allowing the amount of the credit provided for by Section 26(e) of the *145 Code, the Commissioner used the income of the petitioner computed on the accrual basis. The petitioner is claiming that under the clear provisions of the statute the credit to which it is entitled under the provisions of Section 26(e) of the Code for the year 1942 is its net income computed under Section 13(a)(2) on the installment basis, and not its net income computed under the provisions of Section 736(a) on the accrual basis." [Opinion] The facts of this proceeding and the contentions of the petitioner are, in all material respects the same as those in West End Furniture Company, 6 T.C. 557, cited and relied upon by the respondent. In that case this Court said: "A careful analysis of the statute demonstrates the fallacy of petitioner's argument. "In section 711 is found the first step required for the computation of excess profits tax liability. That first step is to take the normal tax net income and make the several adjustments required there. After these and other adjustments provided by section 710 are made, the resulting figure is the amount upon which excess profits tax is paid. Petitioner elected under 736(a) 'to compute its income from installment *146 sales on the basis of the period for which such income is accrued' for excess profits tax purposes, instead of the installment basis which it uses for income tax purposes. For that reason, in its case, when it computed its excess profits tax liability, the normal tax net income referred to in section 711(a) was a normal tax net income computed on the accrual basis, not the normal tax net income computed on the installment basis on which it paid its income tax. Otherwise, its purported election would be meaningless and ineffective. It is thus impossible to escape the conclusion that the term 'normal-tax net income' as used in section 711(a) does not, in and of itself, and in every case, mean the normal tax net income used for income tax purposes. In the case of a taxpayer who has elected to compute his excess profits tax income on an accrual basis, the normal tax net income which is an integral factor in such computation must necessarily be computed also on the accrual basis, in order to give any effect whatever to the election. We, therefore, hold that the credit to which petitioner is entitled under section 26(e) is in an amount equal to its adjusted excess profits net income computed *147 on the accrual basis by virtue of its election under section 736(a)." Our decision in West End Furniture Company, supra, is decisive of the issue presented for our determination in this proceeding, and it follows that Decision will be entered for the respondent.