HOUSTON TEXTILE CO. (A DISSOLVED CORPORATION), PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 12938. Promulgated April 30, 1948.

*Whitfield H. Marshall, Esq.,* for the petitioner.
*Frank B. Schlosser, Esq.,* for the respondent.

736

Black, *Judge*: The Commissioner has determined a deficiency in petitioner's income tax for the taxable year August 1 to October 31, 1945, in the sum of $6,005.76. The petitioner assigns the following errors in contest of this determination:

1. The Commissioner erred in his method of computation of the credit to be allowed petitioner under Section 26 (e) of the Internal Revenue Code.

2. The Commissioner erred in refusing to allow petitioner in the determination of its normal tax net income and surtax net income a credit of an amount equal to its adjusted excess-profits net income (as defined in Section 710 (b)) under the provisions of Section 26 (e).

3. The Commissioner erred in limiting the credit to be allowed petitioner under Section 26 (e) to an amount of which its excess profits tax computed under Section 711 (a) (3) (B) was 95 per cent.

The facts are not in dispute and have been stipulated. We summarize them as follows:

The petitioner is a corporation, organized under the laws of the State of Texas, with principal office at Houston, Texas, which completely liquidated on October 31, 1945, and legally dissolved on February 16, 1946, its existence for the purpose of winding up its affairs, including this proceeding, being continued for three years thereafter under article 1389, Vernon's Texas Civil Statutes.

The petitioner duly filed its corporation income and declared value excess profits tax return and its corporation excess profits tax return for its final taxable year, August 1 to October 31, 1945, with the collector of internal revenue for the first district of Texas at Austin, Texas.

The petitioner for its final taxable year, August 1 to October 31, 1945, was a corporation subject to the tax imposed by subchapter E of chapter 2 of the Internal Revenue Code. The normal tax net income of petitioner for this taxable year, as defined in section 13 (a) (2), before deduction of the credit provided in section 26 (e) (relating to income subject to the tax imposed by subchapter E of chapter 2), was $52,362.60.

Respondent in his computation of petitioner's income tax for its taxable year August 1 to October 31, 1945, deducted $29,928.95 as the amount of the credit to which petitioner was entitled under section 26 (e), such sum being the amount of which petitioner's excess profits tax computed under section 711 (a) (3) (B) is 95 per cent as provided in Supplement to Regulations 111, section 29.47–1.

The excess profits tax net income of petitioner for the short taxable year involved placed on an annual basis as provided in section 711 (a) (3) (A) amounted to $207,742.92. The excess profits credit for petitioner, computed by the method based on income under section 713, amounted to $51,287.46, which exceeded that computed by the

method based on invested capital under section 714. The annualized excess profits tax net income of $207,742.92, less the specific exemption of $10,000 and the excess profits tax credit of $51,287.46 results in an adjusted excess profits tax net income of $146,455.46 on such basis. The tax thereon computed as provided in the last sentence of section 711 (a) (3) (A) would be $35,069.06.

Petitioner duly filed application for the benefits of section 711 (a) (3) (B) and this application was allowed by the respondent. For the 12-month period ended October 31, 1945, the excess profits tax net income of petitioner amounted to $143,051.63, which, less the $10,000 specific exemption and the $51,287.46 excess profits tax credit results in an adjusted excess profits net income for such 12 months of $81,746.17. The tax thereon computed as provided in section 711 (a) (3) (B) amounted to $28,432.50.

The following table shows the respective differences between the petitioner and the Commissioner in the computation of petitioner's excess profits tax and normal income tax and surtax:

| | Tax liability as claimed by petitioner | | Tax liability per deficiency notice | |
|---|---|---|---|---|
| *Computation of excess profits* (*PX*) | | | | |
| Excess profits net income, 12-month period ended 10/31/45. | | $143,051.63 | | $143,051.63 |
| Less: | | | | |
| Exemption | $10,000.00 | | $10,000.00 | |
| Credit (based on income) | 51,287.46 | 61,287.46 | 51,287.46 | 61,287.46 |
| Adjusted excess profits net income | | 81,764.17 | | 81,764.17 |
| Tentative tax 95% | | 77,675.96 | | 77,675.96 |
| Tax applicable to period 8/1 to 10/31/45, $52,362.60/$143,051.63. | | 28,432.50 | | 28,432.50 |
| Less credit, sec. 784 (10%) | | 2,843.25 | | 2,843.25 |
| Excess profits tax liability | | 25,589.25 | | 25,589.25 |
| Excess profits tax assessed | | 32,587.62 | | 32,587.62 |
| Overassessment | | 6,998.37 | | 6,998.37 |
| *Computation of normal income tax and surtax* | | | | |
| Adjusted net income | | 52,362.60 | | 52,362.60 |
| Less income subject to excess profits tax | | [1] 81,764.17 | | [2] 29,928.95 |
| Income subject to normal income tax and surtax | | 0 | | 22,433.65 |
| Normal tax | | | | 3,762.39 |
| Surtax | | | | 2,243.37 |
| Total | | 0 | | 6,005.76 |
| Normal and surtax assessed | | 0 | | 0 |
| Deficiency | | 0 | | 6,005.76 |

[1] Income subject to excess profits tax.
[2] Amount upon which tax ($28,432.50) at 95% is based ($29,928.95 x 95%=$28,432.50).

Both parties agree that this is a case of first impression and, so far as we have been able to find, it is.

The Commissioner states the issue in his brief as follows:

Having elected to compute the excess profits tax for its short taxable year under the provisions of section 711 (a) (3) (B) of the Internal Revenue Code, is petitioner entitled to a credit of the amount of its adjusted excess profits net income so computed, in determining its normal and surtax for such short taxable year?

Section 711 (a) (3) (A) and (B) is printed in the margin.[1] There is no dispute between the parties as to whether petitioner properly made its election to have its excess profits tax computed under section 711 (a) (3) (B). Cf. *Pepsi Cola Co.*, 5 T. C. 190; affd., 155 Fed. (2d) 921. The Commissioner has made determination of petitioner's excess profits tax in accordance therewith and has determined an overassessment of $6,998.37 in petitioner's excess profits tax for the period August 1 to October 31, 1945. That overassessment is not involved in this proceeding. Respondent has determined a deficiency of $6,005.76 in petitioner's income tax and petitioner contests all of that on the grounds heretofore stated in its assignment of error. The issue presented is a narrow one and is entirely one of law.

Petitioner contends that the credit to which it is entitled under section 26 (e) of the code[2] is $81,764.17. Petitioner's adjusted net income for computation of normal income and surtax is conceded to

---

[1] SEC. 711. EXCESS PROFITS NET INCOME.

(a) TAXABLE YEARS BEGINNING AFTER DECEMBER 31, 1939.—The excess profits net income for any taxable year beginning after December 31, 1939, shall be the normal-tax net income, as defined in section 13 (a) (2). * * *

* * * * * * *

(3) TAXABLE YEAR LESS THAN TWELVE MONTHS.—

(A) General Rule.—If the taxable year is a period of less than twelve months the excess profits net income for such taxable year (referred to in this paragraph as the "short taxable year") shall be placed on an annual basis by multiplying the amount thereof by the number of days in the twelve months ending with the close of the short taxable year and dividing by the number of days in the short taxable year. The tax shall be such part of the tax computed on such annual basis as the number of days in the short taxable year is of the number of days in the twelve months ending with the close of the short taxable year.

(B) Exception.—If the taxpayer establishes its adjusted excess profits net income for the period of twelve months beginning with the first day of the short taxable year, computed as if such twelve-month period were a taxable year, under the law applicable to the short taxable year, and using the credits applicable in determining the adjusted excess profits net income for such short taxable year, then the tax for the short taxable year shall be reduced to an amount which is such part of the tax computed on such adjusted excess profits net income so established as the excess profits net income for the short taxable year is of the excess profits net income for such twelve-month period. The taxpayer (other than a taxpayer to which the next sentence applies) shall compute the tax and file its return without the application of this subparagraph. If, prior to one year from the date of the beginning of the short taxable year, the taxpayer has disposed of substantially all its assets, in lieu of the twelve-month period provided in the preceding provisions of this subparagraph, the twelve-month period ending with the close of the short taxable year shall be used. For the purpose of this subparagraph, the excess profits net income for the short taxable year shall not be placed on an annual basis as provided in subparagraph (A), and the excess profits net income for the twelve-month period used shall in no case be considered less than the excess profits net income for the short taxable year. The benefits of the subparagraph shall not be allowed unless the taxpayer, at such time as regulations prescribed hereunder require, makes application therefor in accordance with such regulations, and such application, in case the return was filed without regard to this subparagraph, shall be considered a claim for credit or refund. The Commissioner, with the approval of the Secretary, shall prescribe such regulations as he may deem necessary for the application of this subparagraph.

[2] SEC. 26. CREDITS OF CORPORATIONS.

In the case of a corporation the following credits shall be allowed to the extent provided in the various sections imposing tax—

* * * * * * *

(e) INCOME SUBJECT TO EXCESS-PROFITS TAX.—In the case of any corporation subject to the tax imposed by Subchapter E of Chapter 2, an amount equal to its adjusted excess-profits net income (as defined in section 710 (b)). In the case of any corporation computing such tax under section 721 (relating to abnormalities in income in the taxable period),

be $52,362.60. Therefore, if it is entitled to a credit of $81,764.17 under section 26 (e) of the code, it is manifest there is no net income subject to normal income tax and surtax and the Commissioner's determination of the deficiency can not be sustained. The Commissioner relies upon Supplement to Regulations 111, section 29.47–1, which reads in material part as follows:

\* \* \* In the case of a return by a corporation for a fractional part of a year, the credit provided by section 26 (e), for the income of the corporation subject to excess profits tax, for taxable years beginning before January 1, 1944, is considered the amount of which the excess profits tax of the corporation imposed for the taxable year computed without regard to the tax deferment under section 710 (a) (5) is 90 percent, and for taxable years beginning after December 31, 1943, the amount of which such excess profits tax so computed is 95 percent. \* \* \*

Petitioner concedes on its part that if the foregoing regulation is valid, then the deficiency determined by respondent should be sustained. Petitioner argues, however, that the regulation is invalid because it goes beyond the law and amounts to legislation where Congress had not legislated and, therefore, should not be applied. We do not agree that the regulation is invalid.

Petitioner would offset against its actual net income of $52,362.60 for its short taxable year of three months, its reconstructed adjusted excess profits net income of $81,764.17 for the twelve-month period ended with the last day of its short taxable year as provided by section 711 (a) (3) (B) of the code. It is not believed that Congress could have intended such a result to follow under section 26 (e). Petitioner would deduct in the computation of its normal and surtax income tax under the provisions of section 26 (e), $81,764.17 adjusted excess profits net income from its actual net income of $52,362.60; in

section 726 (relating to corporations completing contracts under the Merchant Marine Act of 1936), section 731 (relating to corporations engaged in mining strategic minerals), or section 736 (b) (relating to corporations with income from long-term contracts), the credit shall be the amount of which the tax imposed by such subchapter is 95 per centum. \* \* \*

[Supplement to Regulations 111, section 29.26–4, interprets the credit allowed by section 26 (e) as follows:]

SEC. 29.26–4. CREDIT FOR INCOME SUBJECT TO EXCESS PROFITS TAX.—A credit is provided in section 26 (e) allowable under sections 13 (a) (2) and 15 (a) in computing normal tax net income and surtax net income, respectively. \* \* \* The credit is allowed only in the case of corporations subject to the excess profits tax imposed by subchapter E of chapter 2. \* \* \*

In general, the credit is the amount of the corporation's adjusted excess profits net income, as defined in section 710 (b). In the case of the following corporations, however, the credit with respect to taxable years beginning prior to January 1, 1944, is an amount of which the excess profits tax imposed by subchapter E of chapter 2 is 90 per cent, and, with respect to taxable years beginning after December 31, 1943, is an amount of which such excess profits tax is 95 per cent:

(a) Corporations computing such excess profits tax under section 721, relating to abnormalities in income in the taxable period.

(b) Corporations computing such excess profits tax under section 726, relating to corporations completing contracts under the Merchant Marine Act of 1936.

(c) Corporations computing such excess profits tax under section 731, relating to corporations engaged in mining strategic minerals.

(d) Corporations computing such excess profits tax under section 736 (b), relating to corporations with income from long-term contracts.

other words, deduct from its actual net income a sum as "adjusted excess profits net income" which is very much in excess of its actual net income. This would be a strange result to reach. Manifestly no such result could ever be reached by a taxpayer corporati_ _ with a taxable year of twelve months. And it, of course, needs no argument to maintain the statement that in a great majority of cases the taxable year is a period of twelve months. It is only in the exceptional case that a "fractional part of a year" is a taxable year, as provided in section 47 of the code.

The method of treating fractional parts of a year as a taxable year involves a procedure which by its very nature can not be prescribed in detail by legislation and can only be left to administrative regulation. Congress does not have the background of administrative experience to enable it to promulgate all the specific rules for fractional parts of a year and administrative regulations reaching a proper result for fractional parts of a year seem appropriate. In fact, section 47 (c) (2) of the code, dealing with "returns for a period of less than twelve months," contains this provision: "The Commissioner with the approval of the Secretary, shall prescribe such regulations as he may deem necessary for the application of this paragraph."

The Supreme Court, in *Commissioner* v. *South Texas Lumber Co.*, 333 U. S. 496, approved a Treasury regulation applicable to both the normal income tax and the excess profits tax on the ground that the regulation seemed reasonable and was not in violation of the statute. While it is true that the regulation there involved was not the same as the one involved here, nevertheless, we think the rationale of the Supreme Court's decision in that case is applicable here.

The part of the Treasury regulations, section 29.47–1 of Supplement to Regulations 111, upon which the Commissioner relied in his determination of the deficiency here involved seems reasonable and not in violation of any statute. We, therefore, approve it as being a valid regulation.

In its argument against the validity of the regulation petitioner refers to some language which we used in *West End Furniture Co.*, 6 T. C. 557. However, this language was not used with reference to any Treasury regulation and particularly the language used could have had no reference to the regulation here involved. The *West End Furniture Co.* case involved a taxpayer who used the installment method of accounting and whose taxable year was one of twelve months. We think the *West End Furniture Co.* case is not applicable to the facts of the instant case and is, therefore, of no help to petitioner.

Reviewed by the Court.

*Decision will be entered for the respondent.*

Leech, *J.*, dissenting: The pertinent statutory provision is section 26 (e) of the Internal Revenue Code. The meaning of Congress as expressed in that statute is not ambiguous—it is clear. Under that clearly expressed Congressional intendment, petitioner is entitled to the contested credit. All this is apparently conceded. Yet the majority rejects that clear and unambiguous legislative enactment as the law. They do so only because of a result which they think unwise. They then assume that Congress intended a limitation on this credit which Congress not only did not express, but which limitation, by legal implication, Congress intended to exclude. This statement is supported by the rule of *expressio unius est exclusio alterius.* Thus, in discussing the four exceptions in section 26 (e) of the code to the allowance of the credit specifically granted in that section, this Court said in *West End Furniture Co.*, 6 T. C. 557:

\* \* \* Section 26 (e) provides for a credit in "an amount equal to its adjusted excess-profits net income," except that, in four types of corporations, "the credit shall be the amount of which the tax imposed by such subchapter is 90 per centum."

This would seem to indicate a legislative intent that only in those four exceptional cases (which do not apply to petitioner) is the credit to be measured by the amount of income on which the tax is actually imposed. *In all other cases, the credit is to be in the amount of the adjusted excess profits net income, whether or not the tax was actually imposed on that amount.* [Emphasis supplied.]

It may well be that Congress overlooked the present situation and should add another exception to 26 (e) of the code to cover it. But Congress, alone, has the power to so legislate. Until it does, I think section 26 (e) is controlling as written,[1] that the Supplement to Regulations 111, section 29.47–1, upon which the majority relies, is therefore invalid, and that the contested credit should be allowed.

[1] Cf. *Thomas Zacek*, 8 T. C. 1056.