## HOUSTON TEXTILE CO. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 12506.

United States Court of Appeals
Fifth Circuit.

March 17, 1949.

John C. White, of Washington, D. C., for petitioner.

Theron Lamar Caudle, Asst. Atty. Gen., George A. Stinson, and Ellis N. Slack, Sp. Assts. to Atty. Gen., Charles Oliphant, Gen. Counselor Bur. Int. Rev. and John M. Morawski, Sp. Atty., both of Washington, D. C., and Lee A. Jackson, and Melva M. Graney, Sp. Assts. to Atty. Gen., for respondent.

Before HUTCHESON, HOLMES, and LEE, Circuit Judges.

HUTCHESON, Circuit Judge.

This petition brings up for solution one of those difficult jigsaw tax law puzzles all too common in the present deplorable crazy quilt patchwork state of the Internal Revenue laws. Of this one we think it may be truly said, "This kind cometh not out save by fasting and by prayer".

Broadly stated, the question for decision here concerns the adjusted excess profits net income credit to be allowed petitioner under Sec. 26(e), as computed under Sec. 711(a) (3) (B), I.R.C. 26 U.S.C.A. §§ 26, 711(a) (3) (B), for a short tax year of three months.

More narrowly stated, it is whether the correct amount is $81,746.17, the credit based on a full year as claimed by petitioner, or $29,928.95, the credit based on the short year as determined by the commissioner and the Tax Court.

Still more narrowly stated, it is whether, as contended by the Commissioner and found by the Tax Court, Sec. 29.47-1 Supplement to Regulations 111, under the terms of which the smaller amount was arrived at, is consistent with and a reasonable application of Sec. 26(e) and related sections and, therefore, is valid and controlling here.

The Tax Court, in an opinion[1] setting out the facts[2] and the applicable statutes,

---

[1] 10 T.C. 735.

[2] As material here, these are:

Petitioner is a Texas corporation which was dissolved October 31, 1945, and under the applicable statutes has a taxable year of less than 12 months, to-wit, August 1 to October 31, 1945. It elected to have its excess profits tax for the period in question computed under section 711(a) (3) (B) of the Internal Revenue Code and its right to do so is not in dispute. Under such computation its ad-

justed excess profits net income (for the year) was $81,764.17. Petitioner's actual net income for the three-month period involved was $52,362.60. In his determination of a deficiency in petitioner's income tax for the short period involved, the Commissioner acting under section 29.47-1 Supplement to Regulations 111 has allowed petitioner a credit of $29,-928.95 as adjusted excess profits net income. Petitioner contests this action of the Commissioner and contends that the

and leaning heavily on the invoked regulation, makes it clear that the facts are not in dispute and that the question to be decided is purely one of law.

The petitioner conceding that if the regulation is valid, the challenged determination must stand, assails the regulation and the opinion of the Tax Court as not reasonably interpreting and applying the statute, but as unreasonably amending, indeed rewriting, it. It insists that the determination is without legal basis. Pointing to what it claims is a finding as of uncontested fact that "the adjusted excess profits net income" of petitioner, as defined in Sec. 710(b) is $81,764.17, it insists that the tax court was wrong in holding that Congress could not have intended such a result, wrong in holding that the regulation preventing it is valid.

The commissioner denying that the Tax Court found that petitioner's actual adjusted excess profits net income was $81,764.17, points out that this was a finding not of the actual adjusted excess profits net income for the three months taxable year but a finding of what such net income would be if figured on a theoretical 12 months basis. Pointing out further that the computation under Sec. 711(a) (3) (B) results in imposing the amount of $28,432.-50 as the excess profits tax for the short taxable year,[3] he insists that the Tax Court was right in finding, as the correct amount, $29,928.95, the amount of which the tax actually imposed and paid, $28,432.50 was 95 percent. He calls to our attention, too, that the credit allowed under Sec. 26(c) is "to the extent provided in the various sections imposing the tax", and that Sec. 711 (a) (3) must, therefore, be read in conjunction with Sec. 710(b) and Secs. 13(a) (2) and 15(a), I.R.C. Finally, citing in support Advance Aluminum Castings Corporation v. Commissioner, 7 Cir., 168 F.2d 353, the Commissioner insists that, the regulation aside, petitioner must fail, for the burden, to point to statutory language giving it credit in an amount exempting it from a great part of the tax for the short year, is far heavier than petitioner can bear.

██ As to the regulation, the Commissioner, citing the cases[4] holding that treasury regulations must be sustained unless unreasonable and plainly inconsistent with the statute, insists that the regulation does no more than spell out the reasonable construction which must be placed upon the body of applicable statutes when read and interpreted as a whole. We agree with the Commissioner.

We need not determine whether, in the present diffused and disconnected state of the statutes, each section and subdivision seeming to the uninitiate to exist separate and apart, wrapped in the solitude of its own originality, and to present as a whole an apparently fortuitous and unrelated concourse, we could unpuzzle the puzzle,

---

regulation is invalid and that it is entitled to a credit of $81,764.17 as its adjusted excess profits net income, a sum which very considerably exceeds its entire net income for the period in question.

[3] The computation under the statute results in the amount of excess profits tax for the short taxable year and an extra step is required to ascertain the amount of adjusted excess profits net income on which the tax at the rate of 95 percent is imposed. This extra step can be taken either before or after ascertainment of the amount of tax, with the same results, as follows:

Method 1.

| | |
|---|---|
| Adjusted excess profits net income for 12 mo. | $81,764.17 |
| Tentative tax for 12 mo. (95% of $81,764.17) | 77,675.96 |

Tax for 3-mo. taxable year ($52,362.60 × $77,675.96) .... 28,432.50

143,051.63

Adjusted excess profits net income for 3-mo. taxable year ($28,432.50 × 100) ....... 29,928.95

95

Method 2.

| | |
|---|---|
| Adjusted excess profits net income for 12 mo. | $81,764.17 |
| Adjusted excess profits net income for 3-mo. taxable year ($52,362.60 × 81,764.17) .... | 29,928.95 |

143,051.63

Tax at 95 percent (95 percent of $29,928.95) ........... 28,432.50

[4] Faweus Mach. Co. v. United States, 282 U.S. 375, 51 S.Ct. 144, 75 L.Ed. 397; Commissioner v. South Texas Lumber Co., 333 U.S. 496, 68 S.Ct. 695.

without the aid of the regulation, by mere assiduous assembling, sorting and selection of the statutory pieces. For any doubt we might have, as to whether the construction put upon the statutes by the Commissioner and the Tax Court rather than the one urged upon us by the petitioner is correct, is dispelled by a reading of the regulation and the reflection that whether the matter is as simple and plain as Commissioner and Tax Court see it, the statutes are certainly subject to the construction the regulation gives them. The regulation is reasonable, consistent, and, therefore, valid, and it is controlling here.

The petition is Denied. The order of the Tax Court is Affirmed.