## COMMISSIONER OF INTERNAL REVENUE v. COMMUNITY PUBLIC SERVICE CO.

### No. 13049.

United States Court of Appeals Fifth Circuit.

Aug. 5, 1950.

Howard P. Locke, Sp. Asst. to the Atty. Gen., Theron Lamar Caudle, Asst. Atty. Gen., Ellis N. Slack, Sp. Asst. to the Atty. Gen., Charles Oliphant, Chief Counsel, Bur. Int. Rev. and Claude R. Marshall, Sp. Atty., Bur. Int. Rev., Washington, D. C., Helen Goodner, Sp. Asst. to Atty. Gen., Carlton Fox, Sp. Asst. to Atty. Gen., for petitioner.

Sam G. Winstead, J. P. Jackson, Dallas, Texas, Bennett L. Smith, Ft. Worth, Texas, for respondent.

Before HUTCHESON, Chief Judge, and McCORD and RUSSELL, Circuit Judges.

HUTCHESON, Chief Judge.

This is another of the instances, all too common in tax cases, in which the present uncoordinated, disconnected, and, to the uninitiate, unrelated, patchwork state of the Income Tax Statutes raises difficulties in the way of a correct solution of the tax puzzle the particular case presents.[1]

The question posed, the problem presented, here is whether the Tax Court was right in holding that, in computing its unused excess profits credits carry over from 1941 and 1942 to be used in computing 1943 tax, the taxpayer could compute such credits by applying a 1943 amendment[2] which,

---

[1.] Houston Textile Co. v. C. I. R., 5 Cir., 173 F.2d 464; Wier Long Leaf Lumber Co. v. C. I. R., 5 Cir., 173 F.2d 549; C. I. R. v. Moore, Inc., 5 Cir., 151 F.2d 527, disapproved in Reo Motors v. C.

I. R., 338 U.S. 442, 70 S.Ct. 283, affirming 6 Cir., 170 F.2d 1001 since the Tax Court's decision in this case.

[2.] This amendment, adding Secs. 112(b) (10) and 113(a) (22), 26 U.S.C.A. §§

by its terms, provided that the provisions were "deemed to be included in the Revenue Laws applicable to all years beginning after 1933", but that they "should not affect any tax liability for any taxable year beginning prior to Jan. 1, 1943".

The Tax Court stating: "The question is new, as the parties agree. Neither suggests any case as bearing directly upon it. * * * Respondent does not rely upon or suggest the Reo case (note 1, supra). We consider it inapplicable here." went on to say that its decision in the Moore case (note 1, supra) dealing with a different statute and cited by taxpayer by way of analogy, was in principle applicable here.

Basing its decision, however, upon the undisputed fact that, in 1935, petitioner acquired from its predecessor corporation certain assets through a bankruptcy proceeding which was within Sec. 121 of the Rev.Act of 1943, and pointing with emphasis to the express provision of Sec. 121(e) Effective Date, that the referred to amendments *"shall be deemed to be included in the revenue laws respectively applicable to the taxable years beginning after Dec. 31, 1933, but shall not affect any tax liability for any taxable years beginning prior to Jan. 1, 1943,"* and to Regulation 111, Sec. 29.-113(a) (22),[3] the Tax Court thus reasoned the matter out: "* * * Section 121 provides expressly as to effective date (of the changes in basis of property acquired in bankruptcy) and says those changes shall be deemed included in the revenue acts after 1933. The taxpayer, computing its tax for 1943, therefore, properly used the changed basis. Section 121 provided

only, as exception, that such changes should not affect tax liability for years prior to 1943. But the petitioner's computation does not in any way affect petitioner's tax liability for 1941 or 1942. It is simply upon a basis differing from the basis used for those years—changed by the 1943 statute, expressly providing the change for previous years. The respondent's contention that there is to be found in the definition of the 'unused excess profits credit' here involved, the requirement that it be 'computed on the basis of the excess profits credit applicable to such taxable year' as stated in section 710(c) (2) does not overcome petitioner's contention, for section 121(e) of the 1943 Act makes the changes in basis 'applicable to taxable years beginning after Dec. 31, 1933', therefore applicable to 1941 and 1942. The changed basis, being applicable to those years, affirmatively appears applicable in computing 'unused excess profits credits' for those years under the definition thereof, and since the result does not 'affect any tax liability' for 1941 or 1942, for only tax liability for 1943 is affected, no reason can be seen for not allowing the recomputation of the unused excess profits credit for those years for the mere purpose of the carry forward to 1943. Regulations 111, section 29.113(a) (22), referring to the exception that the new basis shall not affect tax liability prior to 1943, states that 'with the exception indicated, the basis so prescribed is applicable both for income and excess profits tax purposes from the date of acquisition of such property'; from which we can see that the instant conclusion, in the excess profits tax

112(b) (10), 113(a) (22), provided in Sec. 121(e) of the Act, 26 U.S.C.A. § 112 note:

"(e) Effective Date.—Provisions having the effect of the amendments made by . subsection (a), subsection (c) (3), and subsections (d) (2), (3), (4), (5), and (6), shall be deemed to be included in the revenue laws respectively applicable to the taxable years beginning after Dec. 31, 1933, but shall not affect any tax liability for any taxable years beginning prior to Jan. 1, 1943."

3. "The provisions of Sec. 113(a) (22) are applicable in the determination of basis for all taxable years beginning after Dec. 31, 1933, except that the basis so determined shall not be given effect in the determination of the tax liability for any taxable year beginning prior to Jan. 1, 1943. With the exception indicated, the basis so prescribed is applicable both for income and excess profits tax purposes from the date of acquisition of such property."

field, is within the ambit of the Treasury Regulations provided only that it is concluded, as we have, that there is no tax effect on the years from which comes the carry-over of unused excess profits credit. * * * "

After this case had been tried in the Tax Court, a writ of certiorari was granted in the Reo case on the ground of a conflict between it and Moore's case. The decision in the Reo case was affirmed and that in the Moore case was disapproved, with the result that, deprived of the prop or support of the Moore case, the Tax Court's opinion must stand or fall upon the soundness or unsoundness of the reasoning quoted hereinabove.

As might be expected in this turn of affairs, the commissioner, completely oblivious of the Reo case before it received its accolade in the Supreme Court, now points to it with pride as a complete refutation, and the authority for the overthrow, of the Tax Court's decision.

The taxpayer, on its part, exhibiting like unconcern for consistency and the same readiness and ability to shift ground and change front, is apparently not at all troubled by the fall of Moore's case before the onslaught of Reo's. It now advises us that neither of those cases is in point, for the simple reason that in both of those cases the amendments in question were expressly made inapplicable to prior taxable years while the 1943 Act makes express provision for such retroactivity.

Standing precisely and firmly upon the different language of the Statute involved here, it urges upon us that the Tax Court's decision should, for the reasons quoted from it above, be affirmed. It insists that the 1943 act, by expressly providing for its application to prior years, has removed the difficulty in the way of according relief to the taxpayers which existed under the 1942 acts dealt with in the Reo and Moore cases.

It points out that the decision of the Supreme Court was expressly rested upon the fact that the amendments in question made by the Revenue Act of 1942, were made prospective only and that the interpretation urged by the Taxpayer in the Reo case, and by the court rejected, is a striking paraphrase of the language of Sec. 121(e), the statute here involved. It sets out as effectively distinguishing the Reo Motors case, this passage from the opinion of the Supreme Court: "We also agree with the court below that the words of § 101 of the Revenue Act of 1942, which states that the amendments enacted therein 'shall be applicable only with respect to taxable years beginning after December 31, 1941', cannot be read to mean 'shall be applicable only in computing tax liability for taxable years beginning after Dec. 31, 1941.' To apply § 23(g) (4) to establish a net operating loss is clearly to apply the 1942 amendment 'with respect to' 1941, contrary to the statute." 338 U.S. 449, 70 S.Ct. 287.

We agree with the taxpayer and with the Tax Court that the Reo case is not controlling here and that, under the express terms of the statute, the reasoning and decision of the Tax Court is right, the contention of the commissioner wrong.

Unless the language of the invoked section is given the effect the Tax Court accords it, we do not see how it can be given any. It states expressly that the sections referred to are deemed to be included in the revenue laws applicable to all the taxable years after 1933, without proviso or limitation except "that as to tax liability, they shall not affect any taxable year beginning prior to Jan. 1, 1943".

The contention of the commissioner against retroactivity sustained by the Supreme Court as to the 1942 Acts, would, if sustained as to the 1943 Act, deprive the retroactive provisions of that Act of all meaning, would in effect nullify them.

The decision of the Tax Court is affirmed.

McCORD, Circuit Judge, concurs in the result.