*Decision will be entered under Rule 50.*

LEO KAHN FURNITURE CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 13540. Promulgated December 21, 1950.

*F. E. Hagler, Esq.*, and *Taylor Malone, Jr., Esq.*, for the petitioner.
*S. Earl Heilman, Esq.*, for the respondent.

### OPINION.

LEECH, *Judge:* This proceeding involves excess profits tax deficiencies for the years 1940, 1941, and 1942, in the respective amounts of

$6,737.61, $1,690.93, and $2,182.39, not all of which is in controversy. The parties have stipulated as to all the issues raised by the pleadings except one issue of law, which is as follows:

Where petitioner elected, under section 736 (a) of the Internal Revenue Code, to compute its income from installment sales for excess profits tax purposes on the accrual basis, is the deduction for charitable contributions in the year 1942 limited to 5 per cent of its net income computed on the accrual basis?

The facts have been stipulated and may be summarized as follows:

Petitioner is a Tennessee corporation. It filed its Federal tax returns for the periods here involved with the collector of internal revenue for the district of Tennessee. During 1942 and for many years prior thereto petitioner was engaged in the retail furniture business, regularly making sales on the installment plan.

Petitioner became qualified to elect, and did elect, pursuant to section 736 (a) of the Internal Revenue Code, to compute its income for excess profits tax purposes on the accrual basis in lieu of the installment basis provided in section 44 (a), on which latter basis its income tax returns were filed.

On its excess profits tax return for 1942, petitioner deducted as charitable contributions the amount of $4,130. The respondent disallowed the sum of $2,257.52. The deduction allowed by the respondent was limited to 5 per cent of petitioner's excess profits net income as computed on the accrual basis under section 736 (a).

Petitioner concedes that its income from installment sales for the purpose of determining its excess profits net income is to be computed on the accrual basis. Petitioner, however, still computes its income for normal tax purposes under section 44 (a). Hence petitioner has two normal tax net incomes, one for income tax purposes and one for excess profits tax purposes. *West End Furniture Co.*, 6 T. C. 557.

Petitioner's contention is that in computing its net income for excess profits tax the amount of its allowable charitable deductions under section 23 (q) is to be determined on the basis of its normal tax net income computed on its income from installment sales as provided in section 44 (a), rather than on its income from installment sales computed on the accrual basis under section 736 (a). The premise of this contention is that there is no provision in either section 736 (a) or section 711 (a) (1) and (2) which requires any adjustment with respect to charitable deductions and, therefore, the respondent is not authorized to make such adjustment in arriving at the excess profits net income from installment sales computed on the accrual basis.

Section 736 (a) provides that a taxpayer on the installment basis of accounting may elect, for excess profits tax purposes, to compute in

accordance with regulations prescribed by the Commissioner with the approval of the Secretary its income from installment sales on the basis of the taxable period for which such income is accrued, in lieu of the basis provided by section 44 (a). Treasury Regulations 112, section 35.736 (a)–3, promulgated pursuant to the authorization contained in said section, so far as here pertinent, reads as follows:

> Any deductions under section 23 which are limited to a percentage of net income (computed without regard to such deductions, as for example, the deduction for charitable contributions which is allowed by section 23 (q)) shall be determined on the basis of such net income with income from installment sales determined upon the straight accrual basis, and not on the basis of such net income for the purposes of the income tax under Chapter 1. * * *

This regulation governs the precise question here involved and, if valid, controls our decision. It must be sustained unless unreasonable or inconsistent with the revenue statutes. *Commissioner* v. *South Texas Lumber Co.*, 333 U. S. 496.

Section 736 (a) is a relief provision, designed to place installment sellers who qualify thereunder on an equal footing with taxpayers on an accrual basis with respect to excess profits tax. *Commissioner* v. *Hecht Co.*, 163 Fed. (2d) 194. The election that may be made under that section is to compute income from installment sales on the accrual basis for excess profits tax purposes. It follows, we think, that when the election is made it is controlling in determining excess profits tax wherever income is a necessary factor. The deduction for charitable contributions is limited to a percentage of net income. Respondent has limited petitioner's deduction for charitable contributions for excess profits tax purposes to the net income computed on the elected accrual basis. Only by such limitation is petitioner, an installment basis taxpayer, placed on an equal footing with the accrual basis taxpayer with respect to excess profits tax. The pertinent regulation would seem, therefore, to be necessary to prevent such an inequitable result.

Petitioner relies heavily upon the cases of *Gus Blass Co.*, 9 T. C. 15, appeal dismissed, 168 Fed. (2d) 833, and *Basalt Rock Co.* v. *Commissioner*, 180 Fed. (2d) 281, reversing 10 T. C. 600, certiorari denied, 339 U. S. 996.

In *Gus Blass Co.*, *supra*, it was held that the respondent was not authorized to change the basis of deduction for contributions in computing taxpayer's excess profits net income, since Congress intended the normal tax net income for the purpose of section 711 to be the same as the normal tax net income for the purpose of computing the corporation's income tax, except for certain adjustments set out in subdivisions (A) to (F) of section (a) (1), none of which treats of contributions. In that case, however, the taxpayer was on the accrual

basis for the purpose of computing its normal tax net income for both income tax and excess profits tax liability. No election under section 736 (a) was involved. These facts, we think, distinguish the case at bar from the *Gus Blass Co.* case, *supra.*

In *Basalt Rock Co.*, *supra*, the taxpayer elected, under section 736 (b), to compute its income from long term contracts upon the percentage of completion method of accounting, while for other purposes its income from such contracts was computed upon the completed contract method regularly employed in keeping its books. The Court of Appeals, in reversing this Court, held that the election applied to computations required by section 710 (a) (1) (A) and not to computations required by section 710 (a) (1) (B), and that the Treasury Regulations, in so far as they provided that section 710 (a) (1) (B) corporation surtax net income should be determined by computing income from long term contracts upon the percentage of completion method, were invalid.

In the instant case we are not concerned with the question of comparing a percentage of adjusted excess profits net income on one basis with a percentage of surtax net income on another basis, as was involved in the *Basalt* case, *supra*. The question here is whether, for excess profits tax purposes, in computing the percentage of net income permitted as a deduction for contributions, petitioner may start with the net income figure used in computing its income tax liability on the installment basis rather than on the installment income determined by the use of the accrual basis pursuant to its election under section 736 (a). We think the *Basalt* case is clearly distinguishable.

The specific regulation involved, in so far as here pertinent, seems to us to be reasonable, not in contravention of the provisions of section 736 (a) or other pertinent statute, and required in order to prevent an inequitable result. Therefore its validity must be sustained. Cf. *Sokol Bros. Furniture Co.* v. *Commissioner*, 185 Fed. (2d) 222, which affirmed the memorandum opinion of this Court entered March 10, 1949, and disagreed with the Court of Appeals for the Ninth Circuit in reversal by that court of *Basalt Rock Co.*, *supra;* see also *Markson Bros.*, 15 T. C. 839.

We conclude that petitioner, having elected to compute its income from installment sales for excess profits tax purposes on the accrual basis under section 736 (a), is limited to a deduction under section 23 (q) of 5 per cent of its net income computed on the accrual basis. The respondent's determination is sustained.

The parties having formally stipulated the amounts of certain deductions to which the taxpayer was entitled for the taxable years 1940, 1941, and 1942, and the amounts of certain additional taxes paid for the years 1940 and 1941 by the taxpayer for which credit had not been

allowed, and the parties being in agreement as to the deficiencies due from the taxpayer for the years here in question,

> *Decision will be entered of deficiencies in excess profits taxes for the years 1940, 1941, and 1942 in the respective amounts of $4,085.44, $1,073.93, and $2,067.51.*

Reviewed by the Court.